Albert L. **HAMETNER**, Appellant,

v.

Andres M. **VILLENA**, Hawaiian Rock Products and National Union Fire Insurance Company, Appellees.

No. 20111.

United States Court of Appeals Ninth Circuit.

May 9, 1966.

Finton J. Phelan, Jr., John M. Webster, Agana, Guam, for appellant.

E. R. Crain, Agana, Guam, for appellees.

Before HAMLEY, JERTBERG, and ELY, Circuit Judges.

PER CURIAM:

The appellant was plaintiff in the court below. He sought damages for personal injuries which he suffered in a collision between a motorcycle operated by him and a truck. The accident occurred at an intersection. Appellant contends that the truck's driver illegally made a left turn in front of the oncoming motorcycle and that, although he skidded his motorcycle 61 feet before impact, he was unable to avoid the collision. The principal thrust of the defense was to the proposition that appellant was operating the motorcycle at an excessive rate of speed, that he was negligent in so doing, and that his own negligence contributed as a proximate cause of the accident and resulting injuries.

Trial was to a jury, and the verdict and judgment were in favor of appellees.

In his appeal, appellant emphasizes three contentions. None of them has merit.

It is first urged that we should determine, as a matter of law, that the proof was insufficient to support a verdict claimed to rest upon a determination that the appellant was contributively negligent. We are unable to reach such a conclusion. The record contains conflicting testimony, and the whole testimony permits of reasonable, yet conflicting, inferences. Under such a record, the verdict of the jury, reviewed and sustained by the district judge on appellant's motion for a new trial, must be upheld.

During the trial, appellant requested that the jury be taken for a view of the scene of the accident. The request was denied, and the ruling may not be disturbed in the absence of a clear showing of abuse of sound judicial discretion.

The evidence included photographs and a surveyor's diagram of the scene, and the trial judge might properly have determined that the requested jury view, with its attendant delay and inconvenience, was unnecessary and unwarranted.

Finally, appellant urges that the verdict resulted from the jurors' prejudice against motorcyclists. There is absolutely nothing in the record to support the contention.

Affirmed.