**INSURANCE COMPANY OF NORTH AMERICA, a corporation, Appellant,**

v.

**Thomas J. THOMPSON, Appellee.**

**No. 20822.**

United States Court of Appeals Ninth Circuit.

Aug. 4, 1967.

Rehearing Denied Nov. 17, 1967.

T. H. Eberle, Richards, Haga & Eberle, Boise, Idaho, for appellant.

Theron E. Roberts, Roberts & Poole, Boise, Idaho, for appellee.

Before MADDEN, Judge, Court of Claims, and DUNIWAY and ELY, Circuit Judges.

ELY, Circuit Judge:

Appellee Thompson, insured under a group policy of accident and disability insurance issued to his employer, commenced this action in an Idaho state court to recover benefits allegedly due under the policy. The cause was removed, on appellant's petition, to the United States District Court for the District of Idaho, where trial to a jury resulted in a verdict and, after denial of appellant's motions for judgment notwithstanding the verdict or for a new trial, judgment in favor of the insured. Jurisdiction below was based upon diversity of citizenship and the requisite amount in controversy. 28 U.S.C. § 1332. Our power of review is conferred by 28 U.S.C. § 1291.

The insurance contract protects against described losses which result "directly and independently of all other causes from bodily injuries caused by accident occurring while this policy is in force. * * *" In addition, the policy contains an exclusionary clause which provides that it "does not cover loss caused by or resulting from * * * bodily infirmity * * *." The benefit sought by and awarded to appellee was the "Permanent Total Disability Benefit," payable "after one year of 'continuous total disability' * * * if the insured is then 'permanently and totally disabled' * * *."

Thompson, a miner and a worker on heavy construction projects, had been involved in numerous industrial accidents prior to the period during which he was insured under appellant's policy. On September 9, 1963, a date within that period, Thompson was the victim of still another industrial accident. While working in Bogata, Colombia, he slipped on an oily surface and fell backwards, striking his neck on a steel collar brace. Complaining of pains in his neck, shoulders, arms, and head, he was returned to Boise, Idaho. There he consulted several doctors, and on February 21, 1964, while in an Idaho hospital, a myelogram study was made. This diagnostic procedure required injection of a dye, an opaque substance, into the patient's spinal column. Later in the same day of the study, on attempting to arise from his hospital bed, Thompson suffered severe pains in his legs. These pains persisted, and it is this condition which he claims to have disabled him.

Appellee asserts that his leg pains are a result of the accident of September 9, 1963, and that he is, therefore, entitled to the claimed benefit. Appellant contends that Thompson is not permanently disabled within the meaning of the policy and that, even if he were so disabled, the loss was not one which is covered by the policy. To support the latter contention, appellant takes two positions. The first is that the leg pains were not a result of the September 9 accident, but were caused by the incident of February 21, 1964, which, it argues, constituted a separate accident not occurring during the period of coverage. The second is that, even if the pains were caused by the September 9 accident, they did not result from that accident

"directly and independently of all other causes," but, at least in part, from bodily infirmity which was the product of Thompson's previous industrial mishaps.

 The principal assignment of error relates to the policy's exclusion of losses caused by bodily infirmity. The evidence in the record clearly establishes that appellee was afflicted with bodily infirmity, in some degree at least, prior to his September 9 fall. The problem, however, is whether or not that infirmity was a cause of Thompson's present disability. Judgment in his favor depended, of course, upon the jury's finding that it was not such a cause. Appellant vigorously urges that the evidence was insufficient to support that determination and that the finding was based on erroneous instructions. On the issue the jury was charged as follows:

"In order to recover, the plaintiff must prove, by a preponderance of the evidence, as in these instructions defined, each of the following:

\* \* \* \* \* \*

4. That such disability resulted directly and independently of all other causes from bodily injuries caused by the accident."

Appellant claims that its defense was prejudiced by the court's refusal to present an additional instruction which it had requested be given, as follows:

"I instruct you that the accident insurance policy which Plaintiff is covered by does not cover losses or disabilities which are brought about either directly or indirectly, in whole or in part, caused by or resulting from an illness, disease, bodily infirmity or bacterial infection other than one as is a consequence of a cut or wound in the accident. The policy insures only against disability resulting directly and independently of all other causes from bodily injuries caused by the accident \* \* \*.
\* \* \* I instruct you that the term 'bodily infirmity' as used in the policy means something more than minor and passing or transient disabilities which leave no permanent effect but does include the disabilities which Plaintiff suffered, if any, from previous accidents, illnesses, and supersusceptability [sic] or allergies to drugs unusual to the average person \* \* \*. Therefore, if you find from the preponderance of the evidence that a disease or bodily infirmity existed as herein defined, and said items contributed, in whole or in part to the disabilities of Plaintiff, you may not find for the Plaintiff."

Appellant's theory is that the instruction, as given, permitted the jury to find for appellee if it should determine that the September 9 accident was a proximate cause of his leg pains, even though his pre-existing infirmity may have contributed to that result. The district judge rejected the requested instruction for the stated reason that the instruction which was given was "all inclusive." We are inclined to agree that it was, but even if it were not, we must consider the instructions as a whole in determining their propriety. Sweet Milk Co. v. Stanfield, 353 F.2d 811 (9th Cir. 1965). In an earlier portion of the instructions, the judge explained to the jury that it was appellant's contention that

"even if [the plaintiff] were [totally and permanently disabled], such disability did not result directly and independently of all other causes from bodily injuries caused by any accident occurring while the policy was in force. Defendant contends that the disability, if any, arose in part from pre-existing bodily infirmities of the plaintiff."

Additionally, there was the later admonition,

"Evidence has been received of injuries suffered by the plaintiff prior to the accident of September 9, 1963. You may consider this evidence in determining whether or not the disability claimed by the plaintiff resulted directly and independently of all other causes."

Viewed collectively, the instructions provide no adequate ground for reversal. The jury was presented with the issues of sole causation and excluded causes,

as well as appellant's theory in relation thereto, in a fair and complete manner. Appellant cannot justly complain that the presentation was not made in the precise language which it preferred and had suggested.

■ In analyzing the contention that the evidence was insufficient to support a finding that the disability resulted "directly and independently of all other causes" from the incident of September 9, our scope of review is limited. When a jury verdict has been reviewed and sustained by the district judge on motion for new trial, we must affirm if the whole testimony, with its inferences, reasonably supports the factual determination which is challenged. Hametner v. Villena, 361 F.2d 445 (9th Cir. 1966). From the record alone, we may feel that the preponderance of the evidence lay opposite to the result, but the jury had the opportunity, denied to us, to see and hear the witnesses as they testified and to assess their credibility. See Fed. R.Civ.P. 52(a). The evidence here was, to say the least, in conflict, but there was testimony in Thompson's favor, notably from two physicians, that the disabling pains resulted either from the September 9 fall *or* from adverse reaction to the dye subsequently injected for the myelogram study.

■ At this juncture, the argument that the disability resulted from a separate accident occurring while Thompson was not covered by the insurance policy becomes relevant. The jury was instructed that, if the myelogram and subsequent surgery performed on appellee were "from a medical standpoint" necessary to deal properly with the effects of the September 9 accident, the consequences of such diagnosis and treatment were to be regarded as consequences of the September 9 accident. Appellant, while conceding that Thompson was obliged or privileged to submit to reasonably necessary medical treatment, emphasizes the fact that the medical experts were unanimous in their testimony that, if the myelogram study caused the disability, such reaction was highly unusual. The contention is that the insurer should not be liable because of "bizarre and unusual" results of proper medical treatment and that it was error to refuse an instruction to that effect. We are cited to no decision in which an Idaho court has expressed the proposition which appellant advances. It is the duty of a federal court, where state law is to supply the rule of decision, to ascertain and apply that law as it may be seen or anticipated. Fidelity Union Trust Co. v. Field, 311 U.S. 169, 177, 61 S.Ct. 176, 85 L.Ed. 109 (1940); Owens v. White, 380 F.2d 310 (9th Cir. 1967). We are required to attach great weight to the district judge's determination as to the law of the particular state in which he sits. Owens v. White, supra. This requirement is especially significant where there has been, as here, no clear exposition of the controlling principle by the highest court of the particular state. We therefore sustain the trial court's view that adverse results of medical treatment necessary properly to diagnose and treat the effects of an injury covered by a policy of accident insurance may be found to have been caused by that injury; hence, the instructions were proper. That adverse reactions to medical attention are unexpected, as they almost always are when the attention produces grave additional harm, does not necessarily break the chain of causation.

■ Additionally, appellant urges that its defensive theory of a wholly separate accident was prejudiced by an instruction embracing an erroneously incomplete definition of "accident." The contention must be rejected.[1]

---

1. The definition given by the trial judge was "an act which is not natural or probable and should not reasonably, under all of the circumstances, have been foreseen." Appellant would have added "and is tragically out of proportion to the trivial cause," language which, while taken from O'Neil v. New York Life Ins. Co., 65 Idaho 722, 732, 152 P.2d 707 (1944), would clearly be inappropriate in circumstances, present here, wherein the original incident can hardly be classified as "trivial."

682

Next, appellant urges that the district judge erred in refusing to admit into evidence a complaint filed on Thompson's behalf before the Idaho Industrial Accident Board. That complaint contained an allegation that "the *combination of said previous injuries* and the injury of September 9, 1963, have resulted in permanent disability and physical impairment equal to 100 per cent total permanent disability." (Emphasis supplied.) The evidence should have been received as an admission. The court's ruling was error, but there was already abundant evidence, given by Thompson himself on cross-examination, of the prior injuries and prior workmen's compensation awards. In the light of the entire record, the erroneous evidentiary ruling was not so prejudicial as to require reversal.

We see no merit in appellant's remaining contentions. The judgment is

Affirmed.