Richard Harry McDONOUGH, Plaintiff-Appellant,

v.

GOVERNMENT EMPLOYEES INSURANCE COMPANY, Defendant-Appellee.

No. 71-1026.

United States Court of Appeals,
Ninth Circuit.

Nov. 27, 1972.

Theodore R. Dunn (argued), of Matthews, Dunn & Baily, Anchorage, Alaska, Robert A. Parrish, Fairbanks, Alaska, for plaintiff-appellant.

Richard L. Gemson (argued), W. R. McKelvy, of Skeel, McKelvy, Henke, Evenson & Betts, Seattle, Wash., John C. Hughes, Anchorage, Alaska, for defendant-appellee.

Before MERRILL, DUNIWAY and TRASK, Circuit Judges.

PER CURIAM:

Richard H. McDonough, appellant, seeks reversal of a judgment based upon a jury verdict in favor of his automobile insurance carrier and against him in this excess suit brought by him against the company. Jurisdiction was based upon 28 U.S.C. § 1332, diversity of citizenship.

McDonough was involved in a two-car accident on November 16, 1963, outside Fairbanks, Alaska. In a personal injury action resulting, a jury in 1965 returned a verdict against McDonough and in favor of Mr. Lee and Mrs. Lee, occupants of the other vehicle. Mr. Lee recovered $12,000 and Mrs. Lee, $300,761.70. Government Employees Insurance Co. (GEICO) insured McDonough under the terms of a public liability policy with twenty-forty limits. McDonough sued GEICO in this action in the state court alleging GEICO was guilty of negligence, bad faith and fraud in its handling of Mrs. Lee's claim on behalf of McDonough. He sought damages in the amount for which he was held liable in excess of his policy and for punitive damages. The action was removed to

the United States District Court under the diversity statute.

The jury returned a general verdict in favor of the defendant, and a special verdict finding that McDonough had not proved by a preponderance of the evidence that GEICO was chargeable in any particular claimed by plaintiff with fraud, bad faith or negligence. Judgment on those verdicts was entered in favor of GEICO and McDonough appealed. We affirm.

Much evidence, including many pages of testimony, was received bearing on the pretrial activities of the company and the Lees' attorneys in their offers and counter-offers to settle the personal injury litigation. McDonough contended that the company acted in bad faith, fraudulently and negligently; the company introduced evidence tending to show that the Lees' attorney acted in bad faith in his negotiations, never really wishing to settle.

■ When a jury verdict has been returned in an action largely dependent upon contested facts and it has been reviewed and sustained by the trial judge, the court on appeal must affirm if the testimony together with its inferences reasonably supports the judgment. Hametner v. Villena, 361 F.2d 445 (9th Cir. 1966).

The company did pay claims under the policy for a total of $73,525.97, including attorney's fees under the Alaska rule providing for such. Absent a showing of error in the trial proceedings, the jury's general and special verdicts settle the determinative issues between the parties, on the contested claims of fraud, bad faith and negligence on the part of GEICO.

■ Appellant complains of the instructions upon the ground that "taken as a whole" they created a duty "running from the claimant to the insurer." He argues that they must be viewed as a whole rather than individually in order to obtain the total effect which they create. The court's charge to the jury consisted of 45 pages covering the legal theory of the plaintiff and that of the defendant, along with the standard instructions on the jury's responsibilities as triers of fact. We agree that the instructions must be considered as a whole. Insurance Co. of North America v. Thompson, 381 F.2d 677, 680 (9th Cir. 1967). Doing so, we fail to find reversible error in the paragraphs to which appellant takes offense or in the instructions in their entirety.

■ Appellant also contends that the court erred in refusing to permit the introduction of testimony relating to the state of mind of Mrs. Lee, her husband, and her attorney with respect to the settlement of her claim. The court's initial ruling, however, was later withdrawn and both Mrs. Lee and her husband were permitted to testify as to these matters. Mrs. Lee testified at considerable length about her state of mind regarding the settlement of her claim. R.T. at 880–83. If there was error in this regard the trial court corrected it.

■ Finally, the appellant complains of the court's conduct toward plaintiff's counsel and plaintiff's witnesses, contending that this constituted prejudicial error. The comments and rulings of the court have been analyzed in detail in the briefs of both parties with extensive portions set out in *haec-verba*. While they are direct and sharp, they seem to be direct and sharp without discrimination against either side. With respect to the right and duty of the judge to take part in the interrogation of witnesses where in his judgment it appears necessary to elicit the true facts, no question may be raised. United States v. Stirone, 311 F.2d 277 (3rd Cir. 1962). We do not believe the court in this instance overstepped the bounds of judicial propriety. *See* Kettenbach v. United States, 202 F. 377 (9th Cir. 1913).

The judgment is affirmed.