LOCAL JOINT EXECUTIVE BOARD OF LAS VEGAS, CULINARY WORKERS UNION, LOCAL NO. 226 AND BARTENDERS UNION, LOCAL NO. 165, AFFILIATES OF HOTEL AND RESTAURANT EMPLOYEES AND BARTENDERS INTERNATIONAL UNION, AFL-CIO; MUSICIANS UNION OF LAS VEGAS, LOCAL NO. 369, AF OF M, AFL-CIO; MARIO ARRIULA, MARIA BENITEZ, ANTONIO BIANCO, PAUL BLATT, MAY BLISS, JERRY BROWN, ROSARIO CASTORINA, RITA COOPER, PATRICIA L. DIHORENZO, BEVERLY A. EVANS, EVELIO FRAGINALS, ELIZABETH HELLYER, KAY HOLMES, ARNOLD B. HOWL, WILLIE JAMERSON, BILL KANE, VASILIOS KARA-GIOGIS, MARY VIVIAN KEANE, MARY KIMZEY, JOHNNY R. LAVOIE, IMRE MARO, CALVIN NEELY, LUCIA NEHRING, HELIODORO R. PILOTZI, SHARON POOL, EDWARD RUTTY, WIL-LIAM D. SEAGO, EDITH D. SKAFICA, WILMA SMITH, SYLVIA SNOOK, OSCAR TADEO, A. VIL-LALUAZO, MARK WALLS AND JOSE C. WASKIAK, APPELLANTS, *v.* MARTIN STERN, JR., A.I.A. ARCHI-TECTS AND ASSOCIATES, TAYLOR CONSTRUC-TION COMPANY, CLARK COUNTY, NEVADA AND CALIFORNIA ELECTRIC CONSTRUCTION COM-PANY, RESPONDENTS.

No. 13599

September 30, 1982                                            651 P.2d 637

*Galatz, Earl & Biggar,* Las Vegas, for Appellants.

*Beckley, Singleton, DeLanoy & Jemison,* and *Alan J. Lefebvre, Thorndal, Backus & Maupin, Dickerson, Miles, Pico*

& *Mitchell,* and *Eleissa C. Lavelle, John Peter Lee, Ltd.,* Las Vegas, *Gibson, Dunn & Crutcher, Lynberg & Nelsen,* Los Angeles, California, for Respondents.

## OPINION

*Per Curiam:*

Appellants sued respondents on negligence and strict liability theories to recover lost salaries and other employment benefits for the period they were unemployed due to the MGM hotel fire. The district court granted respondents' motions to dismiss, on the grounds that appellants had not stated a cause of action to recover economic loss. We affirm.

### THE FACTS

This lawsuit arises from the November 1980 fire at the MGM Grand Hotel in Las Vegas, Nevada. The individual appellants were employees at the time of the fire, and brought this class action to recover lost salaries and employment benefits for the period they were unemployed as a result of the fire. The unions also sued to recover union dues lost because of the fire. Respondents were involved in the design or construction of the hotel. Appellants sought recovery under both negligence and strict liability theories. The district court granted respondents' motions to dismiss, on the ground that appellants had not stated a cause of action to recover economic loss. This appeal followed.

### NO RECOVERY IN NEGLIGENCE FOR ECONOMIC LOSS

The well established common law rule is that absent privity of contract or an injury to person or property, a plaintiff may

not recover in negligence for economic loss. Robins Dry Dock & Repair Co. v. Flint, 275 U.S. 303 (1927); Kingston Shipping Co., Inc. v. Roberts, 667 F.2d 34 (11th Cir. 1982); Clark v. International Harvester Co., 581 P.2d 784 (Idaho 1978); Stevenson v. East Ohio Gas Co., 73 N.E.2d 200 (OhioApp. 1946); Restatement (Second) of Torts § 766C (1979). Purely economic loss is recoverable in actions for tortious interference with contractual relations or prospective economic advantage, but the interference must be intentional. Straube v. Larson, 600 P.2d 371 (Or. 1979); Chanay v. Chittenden, 563 P.2d 287 (Ariz. 1977). The primary purpose of the rule is to shield a defendant from unlimited liability for all of the economic consequences of a negligent act, particularly in a commercial or professional setting, and thus to keep the risk of liability reasonably calculable.

A small minority of jurisdictions do permit recovery for negligent interference with economic expectancies under certain limited circumstances. *See, e.g.,* J'Aire Corp. v. Gregory, 598 P.2d 60 (Cal. 1979); Keel v. Titan Const. Co., 639 P.2d 1228 (Okla. 1982); Hawthorne v. Kober Const. Co., Inc., 640 P.2d 467 (Mont. 1982). However, we believe the tests that have been developed to determine who should recover for negligent interference with contract or prospective economic advantage are presently inadequate to guide trial courts to consistent, predictable, and fair results. The foreseeability of economic loss, even when modified by other factors, is a standard that sweeps too broadly in a professional or commercial context, portending liability that is socially harmful in its potential scope and uncertainty. We therefore decline to adopt the minority view allowing such recovery.

## STRICT TORT LIABILITY DOES NOT APPLY TO ECONOMIC LOSS

The doctrine of strict products liability was developed to assist plaintiffs who could not prove that products which caused physical injury at the point of use had been manufactured negligently. The doctrine is unavailable for purely economic loss; its application is limited to personal injury and property damage. Russell v. Ford Motor Co., 575 P.2d 1383 (Or. 1978); Morrow v. New Moon Homes, Inc., 548 P.2d 279 (Alaska 1976); Seely v. White Motor Co., 403 P.2d 145 (Cal. 1965) (dicta); Rodrigues v. Campbell Industries, 151 Cal.Rptr. 90 (Cal.App. 1978); Mid Continent Aircraft v. Curry Cty.

412

Spraying Serv., 572 S.W.2d 308 (Tex. 1978); Restatement (Second) of Torts § 402A (1965).

As appellants did not allege that respondents engaged in intentionally tortious conduct or caused them personal injury or property damage, the district court properly dismissed their complaint. We therefore affirm.