114 F.3d 1195
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
 NEMEX ASSOCIATES, a California general partnership; Max
Guefen, as trustee of the Max and Karel Guefen Family Trust
Dated April 17, 1989; Fabian Oberfeld; Mauricio Oberfeld;
Jessica O. Sneider; and Fabian Oberfeld, as Custodian for
Vivian Oberfeld, a minor; Ber Oberfeld and Raquel Oberfeld,
as Guardians ad Litem for Vivian Oberfeld, a minor,
Plaintiff-Appellants Cross-Appellees,
v.
PRIMERIT BANK, Federal Savings Bank, Inc., a Nevada
corporation, Defendant-Appellee. Cross-Appellant
 
 1
 Nos. 96-16079, 96-16081.
 
 
 2
 United States Court of Appeals, Ninth Circuit.
 
 Submitted April 17, 1997.*
Decided May 20, 1997.
 
 3
 Before: D.W. NELSON and FERNANDEZ, Circuit Judges, and REA,** District Judge.
 
 
 4
 MEMORANDUM***
 
 
 5
 Nemex Associates, a California general partnership, Max Guefen, as trustee of the Max and Karel Guefen Family Trust dated April 17, 1989, Fabian Oberfeld, Mauricio Oberfeld, Jessica O. Sneider, Fabian Oberfeld, as custodian for Vivian Oberfeld, and Ber Oberfeld and Raquel Oberfeld, as Guardians ad Litem for Vivian Oberfeld (collectively "Nemex"), appeal the district court's judgment in their action against PriMerit Bank and the district court's denial of their motion for a new trial. PriMerit appeals the district court's decision to award attorney fees to Nemex. We affirm.
 
 A. Fraud
 
 6
 Nemex did not present sufficient evidence to support an ordinary fraud claim under Nevada law, which requires a false representation and defendant's knowledge or belief that the representation was false. See Bulbman, Inc. v. Nevada Bell, 108 Nev. 105, 825 P.2d 588, 592 (1992). To the extent that the structure was defective, Nemex did not present sufficient evidence that PriMerit knew or believed that those defects existed.
 
 
 7
 That lack of evidence also disposes of Nemex's claim for relief based upon an asserted special relationship arising out of PriMerit's role as seller of and lender on the property. We need not decide whether the Nevada Supreme Court's decision in Mackintosh v. Jack Matthews & Co., 109 Nev. 628, 855 P.2d 549, 554 (1993), would otherwise impose any special burdens upon PriMerit. Mackintosh only requires disclosure of known defects. See 855 P.2d at 553.
 
 B. Strict Liability
 
 8
 In strict liability cases, Nevada law applies the economic loss doctrine, which precludes damages for injury to the defective product itself. See National Union Fire Ins. Co. v. Pratt & Whitney Canada, Inc., 107 Nev. 535, 815 P.2d 601, 603-04 (1991); Local Joint Executive Bd., Culinary Workers Union, Local No. 226 v. Stern, 98 Nev. 409, 651 P.2d 637, 638 (1982). Nemex did not allege any injury to persons or property other than the defective structure itself. Here the claim is that a structural fault damaged the structure. Cf. Oak Grove Investors v. Bell & Gossett Co., 99 Nev. 616, 668 P.2d 1075, 1080-81 (1983) (defective plumbing fittings damaged the rest of the structure). It therefore failed to establish a viable strict liability claim under Nevada law. We refrain from deciding whether a house or apartment complex can be a product for strict liability purposes. See Elley v. Stephens, 104 Nev. 413, 760 P.2d 768, 771 & n. 2 (1988).
 
 C. Jury Instructions
 
 9
 "So long as jury instructions fairly and adequately cover the issues presented, the judge's formulation of those instructions or choice of language is a matter of discretion." Lewy v. Southern Pac. Transp. Co., 799 F.2d 1281, 1299 (9th Cir.1986) (quotation and alterations omitted). Nemex complains of the district court's refusal to use certain instructions on negligence. However, the district court correctly explained the law of negligence to the jury. The instructions offered by Nemex were, as the district court indicated, more properly presented to the jury as argument. The other rejected instruction involved Nemex's special relationship theory, which the district court had already correctly rejected.
 
 D. Motion for a New Trial
 
 10
 The district court did not abuse its discretion when it denied Nemex a new trial. See Coastal Transfer Co. v. Toyota Motor Sales, U.S.A., 833 F.2d 208, 211 (9th Cir.1987). The newly discovered evidence did not exist at the time of trial, and if it had existed, it would have been discovered earlier if Nemex had exercised due diligence. See Jones v. Aero/Chem Corp., 921 F.2d 875, 878 (9th Cir.1990). The district judge showed no firm conviction that the jury had made a mistake in the amount of the verdict and even said that in light of the evidence "reasonable men and women" could differ. See Landes Constr. Co., Inc. v. Royal Bank of Canada, 833 F.2d 1365, 1372 (9th Cir.1987). Nemex's other minute attacks are minutia. Some complained-of comments by opposing counsel were not objected to at the time, some were not actually made, and none were of sufficient moment to upset the verdict in light of the admonitions that the jury was given. See United States v. Span, 75 F.3d 1383, 1390 (9th Cir.1996). Finally, the district court did not abuse its discretion in its handling of a jury view, even if only the external part of the structure was examined. See Hametner v. Villena, 361 F.2d 445, 445 (9th Cir.1966).
 
 E. Attorney Fees
 
 11
 The purchase contract between Nemex and PriMerit provides for the award of attorney fees to the prevailing party in litigation arising out of the contract or related transactions. PriMerit first attacks the award of fees to Nemex on the theory that the attorney fees provision was merged into and submerged by the deeding of the property to Nemex. We will not consider the issue because it was not raised in the district court. See International Union of Bricklayers Local Union No. 20 v. Martin Jaska, Inc., 752 F.2d 1401, 1404 (9th Cir.1985).
 
 
 12
 All of the damages sought in this action arose out of the purchase contract. See 3250 Wilshire Boulevard Bldg. v. W.R. Grace & Co., 990 F.2d 487, 489 (9th Cir.1993); Xuereb v. Marcus & Millichap, Inc., 3 Cal.App.4th 1338, 1343-44, 5 Cal.Rptr.2d 154, 158 (1992). Therefore, they were encompassed by the attorney fees provision.
 
 
 13
 Finally, on this record, the district court did not abuse its discretion when it awarded Nemex seventy percent of the lodestar figure as its fees. See Farrar v. Hobby, 506 U.S. 103, 115-16, 113 S.Ct. 566, 575, 121 L.Ed.2d 494 (1992); Class Plaintiffs v. City of Seattle ( In re Washington Pub. Power Supply Sys. Sec. Litig.), 19 F.3d 1291, 1294 n. 2 (9th Cir.1994).
 
 
 14
 AFFIRMED.
 
 
 
 *
 The panel finds this case appropriate for submission without oral argument pursuant to 9th Cir.R. 34-4 and Fed.R.App.P. 34(a)
 
 
 **
 The Honorable William J. Rea, United States District Judge for the Central District of California, sitting by designation
 
 
 **
 * This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3