OPINION
 

 Per Curiam:
 

 Raymond May is an ARCO franchisee who owns and operates an AM/PM Mini Market in Minden, Nevada. ARCO installed National Cash Register (“NCR”) point of sale computerized cash registers in all ARCO franchises, including May’s AM/PM. The NCR system required, for some items, that cashiers manually select from several options on a menu screen after scanning the item. If the cashier failed to answer the menu prompt, subsequently scanned items were not tallied, and customers were not charged for those items. After using the NCR system for several months, May notified ARCO that he had been experiencing inventory shortages and that he believed the shortages were caused by the new cash register system.
 

 Dissatisfied with ARCO’s explanation that the claimed errors were caused by user mistakes rather than a defect in the NCR system, May filed a complaint against ARCO in the district court,
 
 *1297
 
 alleging that he suffered “financial losses” as a result of malfunctions in the NCR system. The complaint alleged three causes of action: strict products liability, negligence, and fraud. The district court granted ARCO’s motion to dismiss the strict products liability claim. The jury returned a verdict in favor of May on the negligence claim, and in favor of ARCO on the fraud claim. ARCO filed a motion for judgment notwithstanding the verdict, which was denied by the district court, and ARCO now appeals. May cross-appeals the district court’s dismissal of his strict products liability claim.
 

 ARCO’s principal argument on appeal is that a trial court may not consider the merits of a negligence action in which the plaintiff claims only economic damages. May asserts that ARCO failed to preserve this issue for appeal when it did not object to a jury instruction itemizing the damages claimed by May. May relied on NRCP 51 as authority for this assertion, and cites Nevada cases involving appeals of allegedly improper jury instructions. In these cases, this court declined to reach the merits due to appellants’ failure to object to the jury instructions at trial. Alternatively, May argues that his damages were not purely economic in nature, and therefore support a negligence action.
 

 NRCP 51 provides,
 
 inter alia,
 
 that, “[n]o party may assign as error the giving or failure to give an instruction unless he objects thereto before the jury retires to consider its verdict . . . .”
 
 See
 
 Duran v. Mueller, 79 Nev. 453, 386 P.2d 733 (1963); Lathrop v. Smith, 71 Nev. 274, 288 P.2d 212 (1955). While NRCP 51 undoubtedly applies when an appeal of a specific instruction is involved, the instant case is distinguishable. Unlike the situation contemplated by NRCP 51,
 
 Duran,
 
 and
 
 Lathrop,
 
 ARCO is not arguing on appeal that the trial court erred in giving the damages instruction itself. Instead, ARCO appeals the district court’s failure to resolve the negligence claim in ARCO’s favor as a matter of law. ARCO’s argument is that a negligence action should be entirely disallowed in cases of purely economic damage, rather than that all items of economic damage must be omitted from the jury instructions when such an action is maintained. Accordingly, we conclude that ARCO did not fail to preserve the issue for appeal by failing to object to the jury instruction on damages.
 

 Before addressing the propriety of a negligence action based solely on economic damages, we must determine whether May’s claimed damages were purely economic, or whether the district
 
 *1298
 
 court was correct in concluding that, “some of these items of damage may be viewed as tort damages, rather than purely economic losses.” The district court’s denial of ARCO’s motion for judgment notwithstanding the verdict was based on the conclusion that May’s damages were not solely economic as a matter of law, rather than on the conclusion that a negligence claim can be based on solely economic damages. Because ARCO seeks a determination that May’s claimed damages are purely economic as a matter of law, the matter is appropriate for
 
 de novo
 
 review.
 
 See
 
 SIIS v. United Exposition Services Co., 109 Nev. 28, 30, 846 P.2d 294, 295 (1993) (summarizing authority for the conclusion that matters of law are reviewed
 
 de novo).
 

 The items of claimed damage include lost profits caused by the NCR cash register’s failure to tally scanned items, additional royalties paid to ARCO due to inventory variations, the cost of training employees to use the NCR cash registers, and the difference in rental cost between the NCR system and the cash registers previously used. The only damages cited by the district court as potentially non-economic were the lost profits due to the cash register’s failure to tally scanned items.
 

 The district court reasoned that “[May] arguably sustained property damage when the NCR [point of sale] system allowed inventory to be taken off business premises without appropriate payment, resulting in a reduction in gross profits.” May analogizes these losses to those sustained by the owner of a car that has been negligently repaired, or the customer of a storage facility whose property has been stolen due to employee negligence. Although May’s analogies clearly refer to instances of property damage actionable in a negligence claim, the instant case is considerably different. The undisputed facts establish that May’s inventory was neither damaged nor stolen. Instead, May’s employees knowingly allowed the inventory items to be taken from the premises by customers, quite aware that they were relinquishing any property interest in the items in exchange for financial consideration. May’s grievance is not that the items were taken, but rather that his employees failed to collect full payment in some transactions. Had May received the full benefit of his bargain, he would have no more inventory than he does now, but may arguably have received greater payments for the inventory sold. Hence, we conclude that May’s lost profits purportedly attributable to the NCR cash register’s failure to tally scanned items constitute purely economic damage.
 

 Because May’s claimed damages are purely economic in nature, the district court erred in failing to dismiss May’s negli
 
 *1299
 
 gence claim pursuant to the economic loss doctrine. National Union Fire Ins. Co. v. Pratt & Whitney, 107 Nev. 535, 815 P.2d 601 (1991); Central Bit Supply, Inc. v. Waldrop Drilling & Pump, Inc., 102 Nev. 139, 717 P.2d 35 (1986); Local Joint Executive Board v. Stern, 98 Nev. 409, 651 P.2d 637 (1982). In
 
 Stern,
 
 this court applied the common law rule that, “absent . . . injury to person or property, a plaintiff may not recover in negligence for economic loss.”
 
 Id.
 
 at 410, 411, 651 P.2d at 638. This rule was reiterated in
 
 Waldrop
 
 and
 
 Pratt.
 
 May does not suggest that the economic loss doctrine as discussed in
 
 Stem
 
 and its progeny is no longer good law in Nevada, thus a discussion of these cases is unnecessary. Because the district court should not have reached the merits of a negligence claim for purely economic damages, we decline to address ARCO’s remaining arguments on the negligence issue.
 

 The district court, relying upon the economic loss doctrine, granted ARCO’s motion to dismiss May’s strict products liability claim, despite its conflicting determination that May’s claimed inventory loss could constitute property damage. May correctly argues that the strict products liability claim should not have been dismissed if his claimed inventory losses can arguably be characterized as property damage. However, May’s failure to collect full payment from customers in sales transactions is certainly a purely economic loss, and the economic loss doctrine applies to cases of strict products liability in exactly the same fashion as it applies to cases of negligence.
 
 Stern, Waldrop,
 
 and
 
 Pratt
 
 each involved claims based on strict liability as well as negligence, and in each of these cases this court adhered to the rule that an action based on purely economic damages could not be maintained under theories of strict liability or negligence.
 
 [1]
 

 Pratt,
 
 107 Nev. at 538, 815 P.2d at 603;
 
 Waldrop,
 
 102 Nev. at 140-141, 717 P.2d at 36;
 
 Stern,
 
 98 Nev. at 411, 651 P.2d at 638. Accordingly, we conclude that the district court properly granted ARCO’s motion to dismiss May’s strict products liability claim.
 

 Based on the foregoing analysis, we reverse the district court’s judgment for May on the negligence claim, and affirm the district court’s dismissal of May’s strict products liability claim.
 

 [1]
 

 “The doctrine of strict products liability was developed to assist plaintiffs who could not prove that products which caused physical injury at the point of use had been manufactured negligently. The doctrine is unavailable for purely economic loss; its application is limited to personal injury and property damage.”
 
 Stern,
 
 98 Nev. at 411, 651 P.2d at 638.