11th
Court of Appeals

                                                                  Eastland,
Texas

                                                                        Opinion

 

Trans-Gulf Corporation

Appellant

Vs.      
            No. 11-01-00279-CV  --  Appeal from Dallas County

Performance Aircraft Services,
Inc. and

Associated Air
Center, Inc.

 

Appellees

 

Trans-Gulf
Corporation (Trans-Gulf) filed suit against Performance Aircraft Services, Inc.
(Performance) and Associated Air Center, Inc. (Associated) alleging
deficiencies in the repair work they performed on the fuel tanks of a Boeing
727 aircraft which Trans-Gulf had recently purchased.  The previous owner of the aircraft, Kingdom Holding Company
(Kingdom), hired Associated in November of 1998 to perform repair work on the
aircraft.  Associated subcontracted with
Performance to do the repairs on the aircraft=s fuel tanks.  The repairs were
performed for Kingdom pursuant to a written contract with Associated wherein
Associated disclaimed any express warranty for the removal, overhaul, repair,
and/or installation of the aircraft=s fuel tanks.   The written
contract additionally disclaimed any implied warranties regarding the repair
work.  Trans-Gulf purchased the aircraft
from Kingdom on an Aas is@ basis in August of 1999 subject to a right
of inspection.

 Trans-Gulf contends that Performance and
Associated used the wrong type of sealant on the fuel tanks.   There is no allegation that the fuel tanks
ever leaked or caused any injury to a person or property.  Trans-Gulf only seeks to be reimbursed for
the cost of replacing the sealant in the fuel tanks as well as incidental costs
associated with the replacement process. 
Trans-Gulf asserted claims based on negligence, negligence per se,
negligent misrepresentation, and breach of 
implied warranty.  The trial
court granted summary judgment in favor of Performance and Associated on all
claims asserted by Trans-Gulf.  We
affirm.








The
comprehensive motions for summary judgment filed by Performance and Associated intermixed
grounds for traditional summary judgment under TEX.R.CIV.P. 166a(c) with
"no-evidence" summary judgment grounds under TEX.R.CIV.P.
166a(i).  As we noted in Kelly v. Lin
Television of Texas, L.P., 27 S.W.3d 564, 568 (Tex.App. - Eastland 2000, pet’n
den’d), the better practice is to file separate motions relating to the
conceptually distinct Rule 166a(c) and Rule 166a(i) summary judgments.  Under a motion for a "no-evidence"
summary judgment, we review only the evidence presented by the non-movant.   Rule 166a(i).   Analysis is made more difficult when it appears that the movant
may be relying on his or her summary judgment evidence yet is asserting that
there is no evidence on a particular element of the non-movant's case.  

A trial
court must grant a motion for a traditional summary judgment if the moving
party establishes that no genuine issue of material fact exists and that
the moving party is entitled to judgment as a matter of law.   Rule 166a(c);  Lear Siegler, Inc. v. Perez, 819 S.W.2d 470,
471 (Tex.1991).   A trial court properly
grants summary judgment in favor of a defendant if the defendant conclusively
establishes all elements of an affirmative defense or conclusively negates at
least one element of the plaintiff's claim. 
American Tobacco Company, Inc. v. Grinnell, 951 S.W.2d 420, 425 (Tex.1997).
When reviewing a traditional summary judgment, we take as true evidence
favorable to the non-movant and indulge every reasonable inference and resolve
any doubts in favor of the non-movant. 
American Tobacco Company, Inc. v. Grinnell, supra;  Nixon v. Mr. Property Management Company,
Inc., 690 S.W.2d 546, 548-49 (Tex.1985).








We review
evidence presented by the non-movant in reply to a motion for a no-evidence
summary judgment just as we review evidence offered in support of, and in
response to a motion for, a traditional summary judgment:  we accept as true evidence favorable to the
non-movant and indulge every reasonable inference and resolve all doubts in
favor of the non-movant. Hight v. Dublin Veterinary Clinic, 22 S.W.3d 614
(Tex.App. - Eastland 2000, pet'n den’d); see American Tobacco Company, Inc. v.
Grinnell, supra at 425.   We review,
however, only evidence presented by the non-movant.   Rule 166a(i);  Hight v.
Dublin Veterinary Clinic, supra.   If
the non-movant presents evidence that is more than a mere scintilla, a
no-evidence summary judgment is improper. 
Hight v. Dublin Veterinary Clinic, supra;  Denton v. Big Spring Hospital Corporation, 998 S.W.2d 294, 298
(Tex.App. - Eastland 1999, no pet'n); 
cf.  Merrell Dow Pharmaceuticals,
Inc. v. Havner, 953 S.W.2d 706, 711 (Tex.1997), cert. den’d, 523 U.S.
1119 (1998).

We first
address the trial court’s granting of summary judgment dismissing Trans-Gulf’s
negligence and negligence per se claims. 
Performance and Associated asserted that Trans-Gulf’s claims for
negligence and negligence per se are barred under the economic loss rule.  We agree. 


Without
duty, there is no liability in negligence. 
See Thapar v. Zezulka, 994 S.W.2d 635, 637 (Tex.1999).  Furthermore, the existence of a legally
cognizable duty is a prerequisite to a finding of negligence per se.  Perry v. S.N., 973 S.W.2d 301, 304
(Tex.1998).  As stated by the Texas
Supreme Court in Jim Walter Homes, Inc. v. Reed, 711 S.W.2d 617, 618
(Tex.1986), “[T]he nature of the injury most often determines which duty or
duties are breached.”   The economic
loss rule is a rule of “duty” which focuses on the nature of the loss claimed
in order to determine the duty in tort owed by the alleged tortfeasor.   See William Powers, Jr. & Margaret
Niver, Negligence, Breach of Contract, and the "Economic Loss"
Rule, 23 TEX. TECH L. REV. 477 (1992). 

 The 14th Court of Appeals has addressed the
economic loss rule in a series of recent cases, the most recent of which is
Coastal Conduit & Ditching, Inc. v. Noram Energy Corp., 29 S.W.3d 282
(Tex.App. - Houston [14th Dist.] 2000, no pet’n).  Coastal Conduit & Ditching, Inc. (Coastal Conduit) was engaged
in the business of excavating trenches and ditches.  Noram Energy Corp. d/b/a Entex (Entex) operated gas lines in the
general area in which Coastal Conduit performed excavating services.  Coastal Conduit alleged that Entex was
dilatory and careless in locating and marking its gas lines as required by law
in areas where Coastal Conduit intended to excavate.  Coastal Conduit asserted that it incurred additional expenses in
performing its work because of the deficiencies of Entex=s identification and
marking.  Coastal Conduit sought to
recover these additional expenses from Entex under a negligence theory.  Entex argued that the economic loss rule
barred Coastal Conduit=s negligence claim because Coastal Conduit was only
seeking to recover economic losses.








The court began its analysis by noting that the
economic loss rule has previously been applied 
in two instances to bar negligence claims:  (1) the recovery of economic losses in negligence when the loss
is the subject matter of a contract and (2) the recovery of economic losses in
negligence against the manufacturer or seller of a defective product where the
defect results in damage only to the product and not to a person or to other
property.  The court was, therefore,
faced with the question of determining whether Texas law precludes the recovery
of economic damages in a negligence case where the parties are contractual
strangers and there is no accompanying claim for damages to a person or
property.  The court held that the
economic loss rule barred Coastal Conduit’s negligence action.  Citing Local Joint Executive Bd. v. Stern,
651 P.2d 637 (1982), the court reasoned that permitting a tort recovery for
purely economic loss would be a duty standard that sweeps too broadly. 

Hou-Tex,
Inc. v. Landmark Graphics, 26 S.W.3d 103 (Tex.App. - Houston [14th Dist.] 2000,
no pet’n), also involved facts similar to this case.  Hou-Tex, Inc. (Hou-Tex) is an oil and gas company which
contracted with Saguaro Seismic Surveys, L.C. (Saguaro), a geological
contractor, to assist it in selecting a site for a well to be drilled.  Saguaro used computer software developed by Landmark
Graphics (Landmark) to interpret seismic data in order to select a location for
the new well.   Unbeknownst to Saguaro,
Landmark=s computer program had a Abug.@  This bug caused the well to be
drilled in an incorrect location resulting in a dry hole.  Hou-Tex sued Landmark on a negligence theory
seeking to recover its costs for drilling the dry hole.  The court held that Landmark did not owe a
duty to Hou-Tex under the economic loss rule because Hou-Tex only suffered
economic damages.   The court reasoned
that permitting Hou-Tex to sue Landmark for economic losses would disrupt the
risk allocations worked out in Hou-Tex=s contract with Saguaro and Saguaro=s contract with Landmark.

The nature
of the relationship between the parties and damages sought in Coastal
Conduit and Hou-Tex are analogous to this case.  Performance and Associated are contractual
strangers with Trans-Gulf.  Furthermore,
Trans-Gulf only seeks to recover economic damages.  We agree with the holdings of Coastal Conduit, Hou-Tex,
and the majority of other courts which have considered this issue.  Simply stated, a duty in tort does not lie
under the economic loss rule when the only injury claimed is one for economic
damages.  








We next
address Trans-Gulf=s
negligent misrepresentation claim. 
Trans-Gulf asserts that Performance and Associated made entries into the
aircraft=s maintenance records which constituted
representations to  the aircraft=s future owners that Performance and
Associated correctly performed their repair work to the plane=s fuel tanks.  Trans-Gulf further contends that it relied on these
representations to its detriment in making the decision to purchase the
aircraft.  The elements of a cause of
action for negligent misrepresentation are: (1) the representation is made by a
defendant in the course of his business or in a transaction in which he has a
pecuniary interest; (2) the defendant supplies Afalse information@ for the guidance of others in their business; (3) the defendant did
not exercise reasonable care or competence in obtaining or communicating the
information; and (4) the plaintiff suffers pecuniary loss by justifiably
relying on the representation.  Federal
Land Bank Association of Tyler v. Sloane, 825 S.W.2d 439, 442 (Tex.1991); Restatement
(Second) of Torts '
552(1) (1977).

Performance
and Associated contend that Trans-Gulf is not a party entitled to assert a
claim for negligent misrepresentation with respect to the misrepresentations
which were purportedly made.  As noted
in McCamish, Martin, Brown & Loeffler 
v. F.E. Appling Interests, 991 S.W.2d 787, 794 (Tex.1999), the class of
claimants who can assert a negligent misrepresentation claim is limited.  Under Restatement (Second) of Torts ' 552(2) (1977), liability is limited to loss
suffered:

(a) by the person or one of a limited group
of persons for whose benefit and guidance [one] intends to supply the
information or knows that the recipient intends to supply it; and (b) through
reliance upon it in a transaction that [one] intends the information to
influence or knows that the recipient so intends or in a substantially similar
transaction.  

 








In interpreting Section
552(2), the court in McCamish stated that a negligent misrepresentation
cause of action is available only when information is transferred to a known
party for a known purpose.              The record establishes that
Performance=s and Associated=s work on the fuel tanks took place prior to
Trans-Gulf=s purchase of the aircraft.  There is no evidence that Trans-Gulf was a
party known by Performance and Associated at the time the repair work was
performed or that Performance and Associated knew the information would be
subsequently supplied to Trans-Gulf. 
While one might argue that Performance and Associated should have
assumed that a subsequent owner of the aircraft might rely on their repair
records, the Restatement requires actual knowledge of the recipient=s identity and a specific intent on the part
of the alleged tortfeasor that the claimant would rely on the
misrepresentation.   We, therefore,
agree with Performance=s and
Associated=s contentions that Trans-Gulf is not within
the limited group of persons who can assert a claim for negligent
misrepresentation.  

Finally,
we consider Trans-Gulf=s
breach of implied warranty claim. 
Citing Melody Homes Manufacturing Company v. Barnes, 741 S.W.2d 349
(Tex.1987), Trans-Gulf argues that an implied warranty of good and workmanlike
performance should apply to the work performed by Performance and by Associated
on the fuel tanks.  The Texas Supreme
Court recently addressed the circumstances in which courts should imply a
warranty of good and workmanlike performance in Rocky Mountain Helicopters,
Inc. v. Lubbock County Hospital District, 987 S.W.2d 50 (Tex.1998).  The court first noted that an implied
warranty for services has only been recognized when the services relate to the
repair or modification of existing tangible goods or property.   Rocky Mountain Helicopters, Inc. v. Lubbock
County Hospital District, supra at 52-53. An implied warranty that services
will be performed in a good and workmanlike manner may arise under common law
when public policy mandates.  Rocky
Mountain Helicopters, Inc. v. Lubbock County Hospital District, supra at 53.
The court held that public policy does not justify imposing an implied warranty
for service transactions in the absence of a demonstrated, compelling
need.   

We do not
find a demonstrated, compelling need to impose an implied warranty of good and
workmanlike performance to the repair work performed by Performance and Associated.  Our decision in this regard is heavily
persuaded by the economic loss rule.  
Implied warranties are grounded more in tort than in contract.  Rocky Mountain Helicopters, Inc. v. Lubbock
County Hospital District, supra at 52; La Sara Grain Company v. First National
Bank of Mercedes, 673 S.W.2d 558, 565 (Tex.1984).  If the economic loss rule precludes a negligence cause of action
sounding in tort, we see no reason why it should not also preclude other causes
of action sounding in tort.  As was the
case with the computer software problem in Hou-Tex, we believe that
Performance=s and Associated=s liability for allegedly deficient repairs
resulting only in economic loss should be restricted to the risk allocations
contained within the contracts between Performance, Associated, and Kingdom and
between Kingdom and Trans-Gulf.  All
issues raised on appeal have been considered and are overruled.

 








The
judgment of the trial court is affirmed.

 

W. G. ARNOT, III

CHIEF
JUSTICE

 

June 20, 2002

Publish.  See TEX.R.APP.P. 47.3(b).

Panel consists of: Arnot, C.J., and

Wright, J., and McCall, J.