NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff - Appellee,<br><br>v.<br><br>MICHAEL AARON STUKER,<br><br>Defendant - Appellant. | No. 12-30230<br><br>D.C. No. 1:11-cr-00097-RFC-1<br><br>MEMORANDUM* |
| UNITED STATES OF AMERICA,<br><br>Plaintiff - Appellee,<br><br>v.<br><br>MICHAEL AARON STUKER,<br><br>Defendant - Appellant. | No. 12-30231<br><br>D.C. No. 1:11-cr-00096-RFC-2 |

Appeal from the United States District Court
for the District of Montana
Richard F. Cebull, Senior District Judge, Presiding

---

\*      This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

1

Argued and Submitted October 10, 2013
Portland, Oregon

Before: SILVERMAN, W. FLETCHER, and CALLAHAN, Circuit Judges.

Defendant-Appellant Michael Aaron Stuker appeals his separate convictions for witness tampering under 18 U.S.C. § 1512(a)(2)(A) and assault on a federal officer under 18 U.S.C. § 111. In the witness tampering case, he argues that a twelve year-old child's identification should have been suppressed because law enforcement's photo lineup was unduly suggestive and the court abused its discretion by refusing to allow the jury to view the premises so as to understand the child's vantage point. In the assault case, he argues that there was insufficient evidence to convict him where he only caused minimal damage and no injuries when he backed into a deputy Marshal's vehicle. He also claims that the district court erred in rejecting his proposed jury instruction and applying the sentencing base offense level for "Aggravated Assault." We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.[1]

I

A witness identification should be suppressed only where it has been tainted by law enforcement procedures that were "suggestive and unnecessary" so as to

---

[1] Because the parties are familiar with the history of the case, we repeat only those facts necessary to explain our decision.

render it unreliable. *See Perry v. New Hampshire*, 132 S. Ct. 716, 724-25 (2012). Regardless of whether the procedure here was unnecessarily suggestive, it was sufficiently reliable given that the witness had a sufficient opportunity to observe Stuker, had a sufficient view of Stuker to identify him, and expressed no hesitancy when he identified Stuker. *See United States v. Montgomery*, 150 F.3d 983, 993 (9th Cir. 1998).

Moreover, even if the identification was unreliable, its admission was harmless given the other evidence against Stuker. In addition to the child, the witness tampering victim also identified Stuker and indicated that he knew Stuker. Furthermore, much of Stuker's own conduct and statements were incriminating as he: (a) fled from law enforcement; (b) initially denied knowing the victim before admitting that he did know him; (c) appeared to know that he was wanted for witness tampering; (d) admitted that he was friends with and would "help" out the defendant in the upcoming trial; and (e) admitted that he previously pulled a gun on the victim. Although Stuker's fiancee testified that he was with her on the day in question, Stuker initially told law enforcement that he was unsure where he was on that day, and the evidence indicated that he was "running around getting high" for a two day period around that same time. On these facts, the child's identification did not have a "substantial and injurious effect or influence in

3

determining the verdict." *Williams v. Stewart*, 441 F.3d 1030, 1039 (9th Cir. 2006).

## II

Stuker argues that the district court abused its discretion when it denied his motion for the jury to view the doorway where the child witnessed the incident. A district court acts within its discretion in denying a motion for a jury viewing where the conditions of the premises are adequately shown by other evidence. *See Hametner v. Villena*, 361 F.2d 445,445-46 (9th Cir. 1966) (concluding that the trial court could properly deny a jury viewing where the evidence included photographs and a surveyor's diagram of the scene and it would likely cause delay and inconvenience). Here, both sides introduced testimony, photographs, and drawings relating to the child's view. Consequently, the district court acted within its discretion in denying Stuker's motion for a jury viewing.

## III

Stuker argues that there was insufficient evidence to support the assault conviction because he used his vehicle "solely as a means to flee" rather than as a deadly weapon. We review the sufficiency of the evidence to support a conviction "to determine whether 'after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the

crime beyond a reasonable doubt.'" *United States v. Nevils*, 598 F.3d 1158, 1163-64 (9th Cir. 2010) (en banc).

There was evidence indicating that Stuker began backing up his vehicle, then paused, and then rapidly accelerated 10 to 30 feet backwards into the deputy Marshal's vehicle. Although there was minimal damage to the vehicle and the deputy was not injured, the deputy testified that he was in reasonable apprehension of immediate bodily injury. Under our precedent, this evidence was sufficient to support the conviction. *See United States v. Anchrum*, 590 F.3d 795, 799-803 (9th Cir. 2009).

IV

Stuker further asserts that the district court erred by rejecting his proposed jury instruction that using "a car purely for flight would not satisfy the requirement of using the car as a deadly weapon." Stuker's theory was adequately covered by the district court's instructions, which indicated that the jury had to find that Stuker used the vehicle "in a way that is capable of causing death or serious bodily injury" in order to convict. *See United States v. Romm*, 455 F.3d 990, 1002 (9th Cir. 2006).

V

The district court applied the base offense level of 14 for "Aggravated Assault" under Sentencing Guideline § 2A2.2.  Stuker argues that the court should have applied § 2A2.4 (relating to "Obstructing or Impeding Officers"), which has a base offense level of 10, because it was more appropriate and there was "no evidence" that Stuker intended to cause bodily injury.  The district court's finding that Stuker intentionally used his vehicle as a weapon by accelerating backwards into the deputy's vehicle was adequately supported by evidence that Stuker paused before accelerating.  Additionally, as Stuker was charged with and found guilty of assault with a dangerous weapon, the "Aggravated Assault" base offense level was appropriate.

**AFFIRMED.**