OAK GROVE INVESTORS, a California Limited Partnership, Appellant, *v.* BELL & GOSSETT COMPANY, an Illinois Corporation, Respondent.

No. 14062

August 31, 1983                                        668 P.2d 1075

*Petersen & Petersen; Robison, Lyle, Belaustegui & Robb,* Reno, for Appellant.

*Hibbs, Roberts, Lemons & Grundy,* Reno, for Respondent.

## OPINION

By the Court, MOWBRAY, J.:

The district court in this products liability action entered summary judgment for respondent Bell & Gossett Company on several grounds. Appellant Oak Grove Investors contends that the district court erred in its conclusions regarding the statute of limitations, the potential existence of a product defect, and the effect of an intermediary in the distribution chain. We agree with appellant's contentions, and therefore reverse and remand this matter for further proceedings consistent with this opinion.

### THE FACTS

Appellant Oak Grove Investors (Oak Grove), a California limited partnership, owns an apartment complex in Washoe County known as Sundance West. Oak Grove purchased the complex in January 1979 from Elwood Partners, another limited partnership. Soon after the purchase, Oak Grove discovered extensive water damage from the plumbing and heating system of the complex.

Respondent Bell & Gossett Company (Bell & Gossett), an Illinois corporation, manufactured the "Monoflo" plumbing fittings used in the apartment complex plumbing and heating system. The fitting is a copper "T," incorporating an internal cone, that diverts part of the water flowing through the pipe into the heating unit for each apartment and eventually back into the original pipe. The Monoflo fittings allegedly were inappropriate for the open-loop system developed for the apartment complex. The system involved sending both hot water for domestic use and hot water for heating through the same pipes, requiring the constant introduction of outside "aggressive"[1] water and high water velocities. The Monoflo fitting allegedly increased the water velocity beyond safe limits, causing erosion and corrosion.

Oak Grove filed its first amended complaint against respondent and others on June 30, 1981. The complaint alleged that the plumbing and heating system was defective in design, manufacture, and installation, and that the defects had caused extensive

---

[1] Appellant's counsel at oral argument represented that Reno water is "aggressive," *i.e.*, is high in minerals and dissolved gases. Apparently, such water loses its "aggressive" qualities over time in a closed system, but has no opportunity to do so in an open system where outside water is continually being introduced.

corrosion and leakage throughout the apartment complex. The complaint also alleged that the defendants, including respondent, knew or reasonably should have known that the defective design of the system would cause the damage that occurred. Oak Grove alleged that it did not know of the defects in the system when it purchased the complex, although it admitted that the defects had begun to manifest themselves while its predecessor in interest was operating the complex, in December 1977.

Respondent moved for summary judgment on several grounds. Following a hearing, the district court granted the motion. In concluding that there was no genuine issue as to any material fact, the court found "that there was no defect in the Bell & Gossett product which was used in the plumbing system at plaintiff's apartment complex, that the product was not from Bell & Gossett but was through an intermediary, and that the four year statutes of limitations are available to Bell & Gossett and are a complete defense to the claims." This appeal followed.

## APPELLANT'S STATEMENT OF POINTS

Oak Grove designated only a partial record on appeal, and pursuant to NRAP 10(d)[2] served on respondent Bell & Gossett and included in the record a concise statement of the points on which it intended to rely. As a threshold matter, Bell & Gossett contends that it was prejudiced by three discrepancies between the statement of points and appellant's arguments on appeal.

The purpose of the statement of points is to inform the respondent of the points in issue on appeal, so that the respondent may determine whether the material designated for inclusion in the record is sufficient for him to answer the appellant's contentions and present a fair and complete picture of the issues. Noncompliance with the rule is not ground for dismissal of the appeal unless the respondent has shown that he was misled or prejudiced by the appellant's noncompliance, and has had insufficient time to supplement an otherwise incomplete record. *See* Basic Refractories v. Bright, 71 Nev 248, 256, 286 P.2d 747, 751 (1955); Christensen v. Pryor, 255 P.2d 195, 197 (Ariz. 1953). *See also* Island Creek Coal Co. v. Local 187, UMW, 568 F.2d 7 (6th Cir. 1977).

---

[2]NRAP 10(d) provides as follows:

No assignment of errors is necessary. If the appellant does not designate for inclusion the complete record and all the proceedings and evidence in the action, he shall serve with his designation a concise statement of the points on which he intends to rely on the appeal.

In its Statement of Points, appellant averred that respondent manufactured the Monoflo fittings and failed to warn of the dangers from the increased water velocity caused by the fittings. Respondent asserts that appellant's opening brief demonstrates that appellant is basing its allegations of liability on respondent's alleged participation in the design of the plumbing and heating system. A fair reading of appellant's entire brief indicates otherwise. The allegations of liability on appeal rest on Bell & Gossett's role as manufacturer of the Monoflo fittings, not on any alleged role as designer.

Second, respondent notes that while in its Statement of Points appellant contended that NRS 11.205 was the applicable statute of limitations, appellant did not mention NRS 11.205 in its opening brief; rather, appellant argued that NRS 11.220 was the relevant statute. Both statutes of limitation were discussed during the district court hearing. Respondent does not show how it was prejudiced by the asserted discrepancy, nor does it indicate what additional portions of the record would be necessary to decide the issue fairly. Appellant has supplied a record adequate to determine the issue concerning the operation of NRS 11.220.

Lastly, respondent argues that appellant failed to claim in its Statement of Points that the Monoflo fittings were defective. This argument is frivolous, because appellant stated that Bell & Gossett failed to warn of the dangers of its product. As we point out below, a failure to warn may constitute a "defect" for the purposes of a products liability cause of action.

## THE STATUTE OF LIMITATIONS

In its motion for summary judgment, respondent argued that appellant's negligence and strict liability claims were barred by NRS 11.220, which provides that "[a]n action for relief, not hereinbefore provided for, must be commenced within 4 years after the cause of action shall have accrued." NRS 11.220 is the applicable statute for suits concerning tortious damage to real property. Hartford Ins. v. Statewide Appliances, 87 Nev. 195, 484 P.2d 569 (1971). Respondent contends, and the district court apparently agreed, that the four-year limitations period began to run at some time prior to appellant's discovery of the damage to its property, although neither respondent nor the district court specified when the period began to run.

Appellant asserts that a cause of action "accrues" within the

meaning of NRS 11.220 at the time the injury is discovered or becomes reasonably discoverable, rather than at the time the damage physically occurs or begins to occur. Appellant convincingly argues that in situations where the occurrence and the manifestation of damage are not contemporaneous, a "discovery" rule will not only satisfy the purpose of the statute of limitations, but will produce more equitable results than an "occurrence" rule.

We have held that an action for legal malpractice does not accrue until the plaintiff discovers, or should have discovered, all facts material to the elements of the cause of action, including the sustaining of damages. The rationale for the rule is that a client has the right to rely on the attorney's expertise; moreover, the injury is often to intangible property interests, and is thus difficult to detect. Sorenson v. Pavlikowski, 94 Nev. 440, 443-44, 581 P.2d 851, 853-54 (1978). *See* Jewett v. Patt, 95 Nev. 246, 591 P.2d 1151 (1979). This rule was adopted legislatively in 1981, when NRS 11.207 was enacted to limit actions against attorneys, accountants, and veterinarians to a four-year period "after the plaintiff sustains damage and discovers or through the exercise of reasonable diligence should have discovered the material facts which constitute the cause of action." NRS 11.207(1). *See also* NRS 11.190(3)(b)-(d); NRS 41A.097(1).

Many jurisdictions have adopted a "diligent discovery" rule with respect to tortious damage to property. As the Oklahoma Supreme Court noted in Smith v. Johnston, 591 P.2d 1260 (Okla. 1978), the statute of limitations is intended to run against those who fail to use reasonable and proper diligence in the enforcement of their rights. In *Smith,* a homeowner had failed to discover a hazardous condition created by a hidden defect in electrical wiring not because he had been negligent in investigating, but because he lacked sufficient knowledge to perceive the injury. The court held that the statute of limitations did not begin to run until the plaintiff learned or in the exercise of reasonable diligence should have learned of the harm to his property caused by the existence of the defect. *Id.* at 1263-64. *Accord* Regents of the Univ. of Cal. v. Hartford Accident & Indemn. Co., 581 P.2d 197, 200 (Cal. 1978); Malesev v. Bd. of County Road Comm'rs, 215 N.W.2d 598 (Mich.App. 1974). *See* Thompson v. Nebraska Mobile Homes Corp., 647 P.2d 334, 338 (Mont. 1982).

Respondent attempts to distinguish the cases cited by appellant on their facts, but does not cite any authority that rejects a

discovery rule for real property damage; nor does respondent explain why this Court should not adopt such a rule. We therefore hold that the term "accrued," as used in NRS 11.220, incorporates the same "diligent discovery" rule that is present in NRS 11.190(3), 11.207, and 41A.097. As the court said in Malesev v. Bd. of County Road Comm'rs, *supra,* "[t]o hold otherwise would transmute the statute from one of limitation into one of abolition. . . . Such a result is not consonant with the legislative purpose of the statute." 215 N.W.2d at 599.

When the plaintiff knew or in the exercise of proper diligence should have known of the facts constituting the elements of his cause of action is a question of fact for the trier of fact. *See* Havas v. Engebregson, 97 Nev. 408, 411-12, 633 P.2d 682, 684 (1981); Millspaugh v. Millspaugh, 96 Nev. 446, 449, 611 P.2d 201, 202 (1980); Golden Nugget, Inc. v. Ham, 95 Nev. 45, 48-49, 589 P.2d 173, 175-76 (1979). A litigant has the right to a trial where the slighest doubt as to the facts exists. Nehls v. Leonard, 97 Nev. 325, 328, 630 P.2d 258, 260 (1981). In evaluating the propriety of a grant of summary judgment, we will review the evidence in the light most favorable to the party against whom summary judgment was rendered. *Id.;* McDermond v. Siemens, 96 Nev. 226, 607 P.2d 108 (1980).

Appellant alleged in its complaint that its predecessor in interest, Elwood Partners, discovered the damage to the apartment complex from the defective plumbing and heating system in December 1977. Appellant also averred that Elwood Partners represented to it before the January 1979 sale that the only problems in the complex "were minor maintenance problems pertaining to a few insignificant leaks in the space heating and domestic hot water system." In support of its motion for summary judgment, respondent had the burden of showing the absence of a genuine issue of material fact as to when appellant discovered or should have discovered the defects in the system and the resulting damage to the apartment complex. Respondent failed to support its burden, as it argued only that the discovery rule should not apply in Nevada. The district court therefore erred in granting the motion for summary judgment on statute of limitations grounds.

## A FAILURE TO WARN MAY BE A PRODUCT DEFECT

In its order granting summary judgment, the district court found, *inter alia,* "that there was no defect in the Bell & Gossett product which was used in the plumbing system . . . [and] that the product was not from Bell & Gossett but was through

an intermediary. . . ." Respondent argued at the hearing and in its appellate brief that the Monoflo fitting was not "dangerous," "unsafe," or defectively manufactured. It appears that respondent did not accompany its summary judgment motion with evidence relating to the need for a warning or the adequacy of any warnings given, although it presented evidence that it did not in fact know of appellant's proposed use of its product. Appellant presented evidence indicating that respondent should have foreseen the use of the Monoflo fitting in dual systems such as appellant's.

Where the defendant has reason to anticipate that danger may result from a particular use of his product, and he fails to warn adequately of such a danger, the product sold without a warning is in a defective condition. Strict liability may be imposed even where the product is faultlessly made, if it was unreasonably dangerous to place the product in the hands of the consumer without adequate warnings concerning its safe and proper use. Outboard Marine Corp. v. Schupbach, 93 Nev. 158, 162-63, 561 P.2d 450, 453 (1977). *See* General Electric Co. v. Bush, 88 Nev. 360, 364-65, 498 P.2d 366, 369 (1972); Jacobsen v. Ducommun, Inc., 87 Nev. 240, 484 P.2d 1095 (1971). *See also* Anderson v. Heron Engineering Co., 604 P.2d 674, 676 (Colo. 1979); McKee v. Moore, 648 P.2d 21, 23 (Okla. 1982). The adequacy of the warnings provided is ordinarily a jury question. Reiger v. Toby Enterprises, 609 P.2d 402, 405 (Or.App. 1980).

Strict liability applies to claims based on property damage as well as to personal injury cases. *See* Worrell v. Barnes, 87 Nev. 204, 484 P.2d 573 (1971); Rocky Mountain Fire & Cas. Co. v. Biddulph Oldsmobile, 640 P.2d 851, 855 (Ariz. 1982). *See also* Local Joint Exec. Bd. v. Stern, 98 Nev. 409, 651 P.2d 637 (1982). Strict liability may extend not only to the dealer and retail seller of the product, but to the manufacturer of the product and the manufacturers of its component parts. Rocky Mountain Fire & Cas. Co. v. Biddulph Oldsmobile, 640 P.2d at 854.

As the above authorities amply demonstrate, the district court erred insofar as the grant of summary judgment was based on the purportedly nondefective condition of the Monoflo fittings and the presence of an intermediate party in the chain of distribution of the fittings.

## THE DAMAGES ISSUE

Respondent attempts on appeal to raise an additional argument in support of the grant of summary judgment, by contending that appellant is seeking to recover only "economic" losses rather than damages for injury to property. The district court did not rule on the issue of damages in its order granting summary judgment. Thus, the issue is abstract and not properly before this Court. *See* NCAA v. Univ. of Nevada, 97 Nev. 56, 624 P.2d 10 (1981); Boulet v. City of Las Vegas, 96 Nev. 611, 614 P.2d 8 (1980). *Cf.* Sink v. School Dist. No. 6, 649 P.2d 1263 (Mont. 1982) (since trial court did not rule that plaintiff's claim for statutory penalties was barred by statute of limitations, court's discussion of limitations issue was gratuitous, and issue was not properly before Supreme Court).

To guide the district court upon remand, however, we shall note that appellant alleged in both its strict liability and negligence causes of action that the defective plumbing and heating system caused "substantial leakage of water throughout, and damage to, the apartment [sic] within the . . . complex." The amount of property damage sustained is a question for the finder of fact. Appellant is not seeking to recover purely economic losses, and therefore has stated causes of action in negligence and strict liability. *See* Local Joint Exec. Bd. v. Stern, *supra*. *See also* Hales v. Green Colonial, Inc., 490 F.2d 1015, 1022 (8th Cir. 1974); Russell v. Ford Motor Co., 575 P.2d 1383, 1387 (Or. 1978).

Bell & Gossett failed to show that Oak Grove discovered or reasonably should have discovered the damage to its property at a time more than four years before Oak Grove filed its complaint in the instant case. Moreover, the allegation regarding Bell & Gossett's failure to warn supplied an averment of "defect" adequate to support a products liability action. Bell & Gossett was not insulated from liability by the passing of its product through an intermediary. For all of these reasons, the district court erred in granting summary judgment to Bell & Gossett. We therefore reverse the judgment of the district court and remand the case for futher proceedings consistent with this opinion.

MANOUKIAN, C. J., SPRINGER, STEFFEN, and GUNDERSON, JJ., concur.