# IN THE SUPREME COURT OF THE STATE OF NEVADA

NANYAH VEGAS, LLC, A NEVADA
LIMITED LIABILITY COMPANY,
Appellant,
vs.
SIG ROGICH A/K/A SIGMUND
ROGICH AS TRUSTEE OF THE
ROGICH FAMILY IRREVOCABLE
TRUST; AND ELDORADO HILLS, LLC,
A NEVADA LIMITED LIABILITY
COMPANY,
Respondents.

No. 66823

FILED

FEB 1 2 2016

TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY
CHIEF DEPUTY CLERK

## ORDER OF REVERSAL AND REMAND

This is an appeal from a district court final judgment in a contract action. Eighth Judicial District Court, Clark County; Nancy L. Allf, Judge.

Appellant argues that the district court erred by granting summary judgment in favor of respondent Eldorado Hills, LLC, based on a finding that appellant's unjust enrichment claim was time-barred under the four-year statute of limitations. According to appellant, the statute of limitations did not begin to run until appellant became aware that it would not be repaid and that it owned no interest in Eldorado Hills. Having considered the parties' arguments and appendices, we conclude that the district court erred in granting summary judgment on statute-of-limitations grounds. *Wood v. Safeway, Inc.*, 121 Nev. 724, 729, 121 P.3d 1026, 1029 (2005) (holding that this court reviews summary judgments de novo and that summary judgment is only appropriate if the pleadings and

16-04685

other evidence on file, viewed in the light most favorable to the nonmoving party, demonstrate that no genuine issue of material fact remains in dispute and that the moving party is entitled to judgment as a matter of law); *Oak Grove Inv'rs v. Bell & Gossett Co.*, 99 Nev. 616, 623, 668 P.2d 1075, 1079 (1983) (placing the burden of demonstrating the absence of a genuine issue of material fact as to when a party discovered or should have discovered the facts underlying a claim on the party seeking summary judgment on statute-of-limitations grounds), *disapproved on other grounds by Calloway v. City of Reno*, 116 Nev. 250, 993 P.2d 1259 (2000).

Appellant's claim for unjust enrichment did not accrue until Eldorado Hills retained $1.5 million under circumstances where it was inequitable for Eldorado Hills to do so. *See Certified Fire Prot. Inc. v. Precision Constr.*, 128 Nev., Adv. Op. 35, 283 P.3d 250, 257 (2012) ("Unjust enrichment exists when the plaintiff confers a benefit on the defendant, the defendant appreciates such benefit, and there is acceptance and retention by the defendant of such benefit under circumstances such that it would be inequitable for him to retain the benefit without payment of the value thereof"). As Eldorado Hills failed to demonstrate that no genuine issues of material fact remain regarding whether the limitations period on appellant's unjust enrichment claim commenced when Eldorado Hills received the $1.5 million or at a later date when Eldorado Hills allegedly failed to issue a membership interest to appellant or to repay the money as a loan, the district court erred in granting summary judgment based on the expiration of the statute of limitation. *Oak Grove Inv'rs*, 99 Nev. at 623, 668 P.2d at 1079; *see* NRS 11.190(2)(c) (setting a four year

statute of limitation for "[a]n action upon a contract, obligation or liability not founded upon an instrument in writing"). Accordingly, we

ORDER the judgment of the district court REVERSED AND REMAND this matter to the district court for proceedings consistent with this order.

_____, C.J.
Parraguirre

_____, J.
Douglas

_____, J.
Cherry

cc:    Hon. Nancy L. Allf, District Judge
Ara H. Shirinian, Settlement Judge
McDonald Law Offices, PLLC
Fennemore Craig Jones Vargas/Las Vegas
Eighth District Court Clerk