140 Nev., Advance Opinion 48

IN THE SUPREME COURT OF THE STATE OF NEVADA

MELINDA ADKINS, AN INDIVIDUAL;
GERALD ED ANDREWS, AN
INDIVIDUAL; THE ESTATE OF RICH
ROMER, DECEASED, BY PRISCILLA
ROMER BARATA, AS PERSONAL
REPRESENTATIVE, INDIVIDUALLY
AND AS HEIR; JO BARBER, AN
INDIVIDUAL; THE ESTATE OF KIM
BUSH, DECEASED, BY SPENCER
BUSH, AS PERSONAL
REPRESENTATIVE, INDIVIDUALLY
AND AS HEIR; ELIZA CHAVEZ, AN
INDIVIDUAL; IRENE CIAURI, AN
INDIVIDUAL; LESLIE DAVIS, AN
INDIVIDUAL; THE ESTATE OF DAVID
EDWARDS, DECEASED, BY CAROL
EDWARDS, AS PERSONAL
REPRESENTATIVE, INDIVIDUALLY
AND AS HEIR; THE ESTATE OF
JANET GOGO, DECEASED, BY
KRISTINA GOGO, AS PERSONAL
REPRESENTATIVE, INDIVIDUALLY
AND AS HEIR; JERRY HUGHES, AN
INDIVIDUAL; THE ESTATE OF MARIE
LEGGIO, DECEASED, BY HER
HUSBAND AND HEIR, JOHN LEGGIO;
THE ESTATE OF SHARON ODEN,
DECEASED, BY MICHAEL ODEN, AS
PERSONAL REPRESENTATIVE,
INDIVIDUALLY AND AS HEIR;
KAREN PAONE, AN INDIVIDUAL;
THE ESTATE OF PATRICIA PORTER,
DECEASED, AS PERSONAL
REPRESENTATIVE, INDIVIDUALLY
AND AS HEIR; CAROL CORBETT, AN
INDIVIDUAL; KATHLEEN STAITE, AN
INDIVIDUAL; VALERIE STEWART, AN

No. 85569

FILED

AUG 15 2024

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY_____
CHIEF DEPUTY CLERK

24-28924

INDIVIDUAL; MELISSA DAVIES, AN
INDIVIDUAL; DAVID EFROS, AN
INDIVIDUAL; ERIC ESCHMAN, AN
INDIVIDUAL; WENDY FENNER, AN
INDIVIDUAL; MORGAN FENNER, AN
INDIVIDUAL; RACHEL FENNER, AN
INDIVIDUAL, BY AND THROUGH
HER LEGAL GUARDIAN AND
MOTHER, WENDY FENNER;
MAGDALEN FOK, AN INDIVIDUAL;
JOSEPH GLICK, AN INDIVIDUAL;
SONIA GRIVE, AN INDIVIDUAL;
TARGA JEFFERSON, AN
INDIVIDUAL; THE ESTATE OF
ANDRE KELLEY, DECEASED, BY
ZENETA KELLEY, AS PERSONAL
REPRESENTATIVE, INDIVIDUALLY
AND AS HEIR; MARKETTA KELLY,
AN INDIVIDUAL; KATHLEEN
KINGSTON, AN INDIVIDUAL;
SPENCER KIRKSEY, AN INDIVIDUAL;
BOB MATHEWS, AN INDIVIDUAL;
AUDREY MITCHELL, AN
INDIVIDUAL; EILEEN MULHERN, AN
INDIVIDUAL; IRENE NAVIS, AN
INDIVIDUAL; ADRIENNE
PATTERSON, AN INDIVIDUAL;
NICHOLAS ROMANO, AN
INDIVIDUAL; BRIDGET RUSSO, AN
INDIVIDUAL; JOSEPH SAIN, AN
INDIVIDUAL; DENISE SASSER, AN
INDIVIDUAL; BRUCE TORREY, AN
INDIVIDUAL; JAMIE YEPSON, AN
INDIVIDUAL; THE ESTATE OF JOHN
KOSWAN, DECEASED, BY DEBRA
PAPPRICH-ADAMSON, AS PERSONAL
REPRESENTATIVE, INDIVIDUALLY
AND AS HEIR; SHURNICE COLEMAN,
AN INDIVIDUAL; EARNEST
JOHNSON, AN INDIVIDUAL; DONNA

SUPREME COURT
OF
NEVADA

(O) 1947A

JOLLY, AN INDIVIDUAL; CARLA GALLEGOS-STEPHENS, AN INDIVIDUAL; SIERRA STEPHENS, AN INDIVIDUAL, BY AND THROUGH HER LEGAL GUARDIAN AND MOTHER, CARLA GALLEGOS-STEPHENS; ANDREA POWE-WILLIAMS, AN INDIVIDUAL; CARIN OWENS, AN INDIVIDUAL; ALBERTA WILLIAMS, AN INDIVIDUAL; ROBERTA SWOOPES, AN INDIVIDUAL; ROYAL ALEXANDER, AN INDIVIDUAL; SHOLEH AMIRMOKRI, AN INDIVIDUAL; ROSEANNA ARDOLINO, AN INDIVIDUAL; THE ESTATE OF ANN ASBERGER, DECEASED, BY NICOLE BREEDEN, INDIVIDUALLY AND AS HEIR; CATHERINE ASBERGER, INDIVIDUALLY AND AS HEIR TO ANN ASBERGER, DECEASED; CHRISTOPHER ASBERGER, INDIVIDUALLY AND AS HEIR TO ANN ASBERGER, DECEASED; CARLY BRESCIA, INDIVIDUALLY AND AS HEIR TO ANN ASBERGER, DECEASED AND IN HER CAPACITY AS SPECIAL ADMINISTRATOR OF THE ESTATE OF ANN ASBERGER; EUGENE ASTARITA, AN INDIVIDUAL; CHRISTINA ASTARITA, AN INDIVIDUAL; LENORA AVELLA, AN INDIVIDUAL; AMAYA BERISTAIN, AN INDIVIDUAL; THE ESTATE OF BARBARA BLOYER, DECEASED, BY ELIZABETH BLOYER-FREEMAN, AS PERSONAL REPRESENTATIVE, INDIVIDUALLY AND AS HEIR; ANTOINETTE WAILANI CARY, AN INDIVIDUAL; GINA CINQUEGRANI,

SUPREME COURT
OF
NEVADA

(O) 1947A

AN INDIVIDUAL; DAPHNE CLARK,
AN INDIVIDUAL; REGINA CRUDEN,
AN INDIVIDUAL; CHERYL DAILY, AN
INDIVIDUAL; MELISA DAVIES, AN
INDIVIDUAL; TONI LEANNE DAVIS,
AN INDIVIDUAL; WANDA DURNEN,
AN INDIVIDUAL; CHERI EDELMAN,
AN INDIVIDUAL; NORMA ESPINOSA,
AN INDIVIDUAL; CLAUDIA EWING,
AN INDIVIDUAL; CRAIG FALKNER,
AN INDIVIDUAL; KIMBERLY
FLOWERS, AN INDIVIDUAL; DAWN
FOREN, AN INDIVIDUAL; THE
ESTATE OF ALEXANDER
FORTUNATO, DECEASED, BY SHERY
SHIVELY, AS PERSONAL
REPRESENTATIVE, INDIVIDUALLY
AND AS HEIR; SANDRA FOSTER, AN
INDIVIDUAL; JOANNE FRANK, AN
INDIVIDUAL; KATHERINE
GALLAGHER, AN INDIVIDUAL;
VICTORIA GONZALES, AN
INDIVIDUAL; RICHARD GRAY, AN
INDIVIDUAL; JENNIFER HANNA, AN
INDIVIDUAL; TAMMY JO HANSEN,
AN INDIVIDUAL; GRETTA HAYWOOD,
AN INDIVIDUAL; DANIEL HIGGINS,
AN INDIVIDUAL; NICOLE HOFFMAN,
AN INDIVIDUAL; JACQUELINE
HOLLOWAY, AN INDIVIDUAL;
PATRICIA HOOD, AN INDIVIDUAL;
MARY HUGHES-APPEL, AN
INDIVIDUAL; DENISE HUMPHREY,
AN INDIVIDUAL; TOMMY JOHNSON,
AN INDIVIDUAL; KATHY JOINES, AN
INDIVIDUAL; THOMAS KENDRICK,
AN INDIVIDUAL; IRIS KIKUCHI, AN
INDIVIDUAL; IRENE KING, AN
INDIVIDUAL; JACQUELINE KINSEY,
AN INDIVIDUAL; SEJLA KOPCIC, AN

SUPREME COURT
OF
NEVADA

(O) 1947A

INDIVIDUAL; THE ESTATE OF VICTOR LARGESSE, DECEASED, BY MAILE BECKWITH, AS PERSONAL REPRESENTATIVE, INDIVIDUALLY AND AS HEIR; CONNIE ANN LEE, AN INDIVIDUAL; ADELLA LOGAN, AN INDIVIDUAL; JILL MACFARLANE, AN INDIVIDUAL; ANN MAGLIERE, AN INDIVIDUAL; MARIANN MATZ, AN INDIVIDUAL; THE ESTATE OF ANNE MCCALL, DECEASED, BY HANNA RAILEY, AS PERSONAL REPRESENTATIVE, INDIVIDUALLY AND AS HEIR; GRETA MCCALL, INDIVIDUALLY AS HEIR TO ANNE MCCALL, DECEASED; THE ESTATE OF ZANE MOSER, DECEASED, BY PATRICIA MOSER, AS PERSONAL REPRESENTATIVE, INDIVIDUALLY AND AS HEIR; THE ESTATE OF TERRY MUNN, DECEASED, BY TOMMIE MUNN, AS PERSONAL REPRESENTATIVE, INDIVIDUALLY AND AS HEIR; THOMAS NAFTAL, AN INDIVIDUAL; SILVIA NORIEGA-BINYONS, AN INDIVIDUAL; THOMAS PICKRELL, AN INDIVIDUAL; LESLEE PIERCE, AN INDIVIDUAL; DAVID PIERCE, AN INDIVIDUAL; NORMA PORTER, AN INDIVIDUAL; SYDNEY RABIN, AN INDIVIDUAL; SHERYL ROMINES, AN INDIVIDUAL; EVELYN ROSS, AN INDIVIDUAL; KAREN SANCHEZ, AN INDIVIDUAL; THE ESTATE OF KAREN SARAE, DECEASED, BY TONI-ANTOINETTE STEPHENS, AS PERSONAL REPRESENTATIVE, INDIVIDUALLY AND AS HEIR; KAREN SHELTON, AN INDIVIDUAL; CHARLENE SHEPARD,

AN INDIVIDUAL; EDWARD SIMMS, AN INDIVIDUAL; MAGIC SIXX, AN INDIVIDUAL; ANNA SLESINSKI, AN INDIVIDUAL; LISA SNIPES, AN INDIVIDUAL; NORMA SNYDER, AN INDIVIDUAL; ROBERT SPENCER, AN INDIVIDUAL; ROCKY STEELE, AN INDIVIDUAL; THE ESTATE OF STUART STILLING, DECEASED, BY JANELL ROSENBURG, AS PERSONAL REPRESENTATIVE, INDIVIDUALLY AND AS HEIR; GWYN TAYLOR, AN INDIVIDUAL; ANTHONY TINNIN, AN INDIVIDUAL; STEPHEN TOMS, AN INDIVIDUAL; PAMELA TOWERS, AN INDIVIDUAL; THE ESTATE OF JEFFREY TRULL, DECEASED, BY JENNIFER TRULL-SPAULDING, AS PERSONAL REPRESENTATIVE, INDIVIDUALLY AND AS HEIR; MICHELLE VANHORN, AN INDIVIDUAL; CAROLE VILL'NEUVE, AN INDIVIDUAL; KATHY VORNBERG, AN INDIVIDUAL; THE ESTATE OF DANIELLE WALLISER, DECEASED, BY STEPHEN WALLISER, AS PERSONAL REPRESENTATIVE, INDIVIDUALLY AND AS HEIR; ZELLA WATSON, AN INDIVIDUAL; SUSIE WESLEY, AN INDIVIDUAL; DIANE WILLIAMS, AN INDIVIDUAL; SHARON WITT, AN INDIVIDUAL; KATINA WOODWARD, AN INDIVIDUAL; AND ELIZABETH ZYLKA, AN INDIVIDUAL,
Appellants,
vs.
UNION PACIFIC RAILROAD COMPANY, A FOREIGN CORPORATION; MONSANTO

SUPREME COURT
OF
NEVADA

(O) 1947A

6

COMPANY; SOLUTIA INC.;
PHARMACIA LLC; CALNEV PIPE
LINE, LLC; KINDER MORGAN
PIPELINE, LLC; KINDER MORGAN
ENERGY PARTNERS, LP; KINDER
MORGAN, INC.; AND CITY OF LAS
VEGAS DOWNTOWN
REDEVELOPMENT AGENCY,
Respondents.

Appeal from a district court order granting respondents' motion to dismiss appellants' first amended complaint in a tort action on statute of limitations grounds. Eighth Judicial District Court, Clark County; Kathleen E. Delaney, Judge.

*Reversed and remanded.*

Eglet Adams Eglet Ham Henriod and Joel D. Henriod and Erica D. Entsminger, Las Vegas; Mueller & Associates, Inc., and Craig A. Mueller, Las Vegas; The Law Office of Lindsay A. Dibler, LLC, and Lindsay A. Dibler, St. Louis, Missouri,
for Appellants.

Perkins Coie LLP and M. Ray Hartman, III, San Diego, California; King Scow Koch Durham LLC and David R. Koch, Henderson,
for Respondents CalNev Pipe Line, LLC; Kinder Morgan Energy Partners, LP; Kinder Morgan Pipeline, LLC; and Kinder Morgan, Inc.

Jeffry M. Dorocak, City Attorney, and Timothy J. Geswein, Deputy City Attorney, Las Vegas,
for Respondent City of Las Vegas Downtown Redevelopment Agency.

Evans Fears & Schuttert LLP and Kelly A. Evans, Chad R. Fears, Jay J. Schuttert, and Hayley E. Miller, Las Vegas; Shook, Hardy & Bacon, LLP, and Thomas M. Goutman and Kim Kocher, Philadelphia, Pennsylvania, Adam E. Miller, Clayton, Missouri, and Richard L. Campbell, Boston, Massachusetts,
for Respondents Monsanto Company, Pharmacia LLC, and Solutia Inc.

Greenberg Traurig, LLP, and Tami D. Cowden, Kara B. Hendricks, and Alayne M. Opie, Las Vegas,
for Respondent Union Pacific Railroad Company.

Matthew L. Sharp, Ltd., and Matthew L. Sharp, Reno; Sharp Law Center and A. J. Sharp, Las Vegas,
for Amicus Curiae Nevada Justice Association.

---

BEFORE THE SUPREME COURT, CADISH, C.J., and PICKERING and BELL, JJ.

## *OPINION*

By the Court, PICKERING, J.:

Plaintiffs (appellants here) sued for injuries allegedly caused by exposure to toxic chemicals while they worked at the Clark County Government Center. They invoked the discovery rule to extend the two-year limitations period in NRS 11.190(4)(e) that would otherwise bar their claims. Under the discovery rule, a statute of limitations is tolled until the injured party discovers or reasonably should have discovered facts supporting a cause of action. Unlike some of Nevada's other statutes of limitation, NRS 11.190(4)(e) does not expressly reference discovery-rule tolling. Based on this omission, the district court concluded that the discovery rule could not extend the limitations period in NRS 11.190(4)(e) and dismissed the case as time-barred. The district court's narrow reading



of NRS 11.190(4)(e) conflicts with long-standing judicial precedent, which supports application of the discovery rule in appropriate circumstances even though the statute supplying the limitations period does not specifically refer to it. Because it was error for the district court to categorically conclude that the discovery rule did not apply, we reverse and remand for further proceedings consistent with this opinion.

## I.

Plaintiffs brought personal injury and wrongful death claims against Union Pacific Railroad, various companies that manufacture polychlorinated biphenyl (PCBs) and other toxic chemicals, companies involved with the CalNev Pipe Line, and the City of Las Vegas Downtown Redevelopment Agency (collectively "defendants"). Over the years, they alleged, toxic chemicals had been released on Union Pacific property, which later became the Clark County Government Center (CCGC) site. Shortly after the CCGC opened in 1995, workers began getting sick. Basement workstations accumulated black soot, and soot was seen coming out of air vents, which turned black. Some employees put screens on the vents to block the soot, and one employee was so concerned that he scraped soot from his desk and into an envelope. At the time, Clark County dismissed suggestions that the workers' illnesses were related to the building, assuring the workers that there was no problem with the property.

Plaintiffs alleged that the defendants knew of the toxic chemicals present on the land and that workers at the CCGC would be exposed to those toxic chemicals. In their first amended complaint, plaintiffs invoked the discovery rule, averring that their claims did not accrue and the two-year limitations period in NRS 11.190(4)(e) did not start to run until they reasonably could have discovered their injuries and the

cause of those injuries. But they did not provide details about individual plaintiffs' experiences at the CCGC, such as the dates that each worked at the CCGC or were exposed to toxic chemicals, what they knew about workers' concerns, when each plaintiff became ill, and when each plaintiff discovered or reasonably should have discovered their claims. Rather, plaintiffs allege that, as a group, they could not reasonably have discovered their claims until 2020, when a toxicologist linked outside ground contamination of PCBs to indoor contamination of the same PCBs at the CCGC, and a doctor linked plaintiffs' various illnesses to exposure to toxins. Defendants moved to dismiss the first amended complaint on statute-of-limitations grounds, and the district court granted the motion after concluding the discovery rule did not apply and plaintiffs' claims were time-barred. Plaintiffs appeal, arguing that the district court erred by failing to apply the discovery rule or equitable tolling to their claims.

## II.

## A.

A district court may dismiss an action under NRCP 12(b)(5) for "failure to state a claim upon which relief can be granted" when the action is barred by the statute of limitations. *Bemis v. Est. of Bemis*, 114 Nev. 1021, 1024, 967 P.2d 437, 439 (1998). As with any other NRCP 12(b)(5) challenge, an action may be dismissed based on the statute of limitations having run "only if it appears beyond a doubt that the plaintiff could prove no set of facts, which, if true, would entitle the plaintiff to relief." *Nelson v. Burr*, 138 Nev., Adv. Op. 85, 521 P.3d 1207, 1210 (2022) (alterations omitted) (quoting *Buzz Stew, LLC v. City of North Las Vegas*, 124 Nev. 224, 228, 181 P.3d 670, 672 (2008)). De novo review applies on appeal from an order granting a motion to dismiss an action as time-barred. *Berberich v.*

SUPREME COURT
OF
NEVADA

(O) 1947A

10

*Bank of Am., N.A.*, 136 Nev. 93, 95, 460 P.3d 440, 441 (2020). Although statute of limitations challenges often present questions of fact not resolvable on a motion to dismiss, *see Siragusa v. Brown*, 114 Nev. 1384, 1400-01, 971 P.2d 801, 812 (1998), the correct legal interpretation of a statute of limitations is a question of law to which de novo review likewise applies, *Berberich*, 136 Nev. at 96, 460 P.3d at 442.

When a statute's meaning is clear and unambiguous, we give effect to that meaning. *Great Basin Water Network v. State Eng'r*, 126 Nev. 187, 196, 234 P.3d 912, 918 (2010). Statutes are interpreted in harmony with other statutes, *Albios v. Horizon Cmtys., Inc.*, 122 Nev. 409, 418, 132 P.3d 1022, 1028 (2006), and in interpreting Nevada statutes, we may consider how other states have interpreted similar statutes, *cf. State, Dep't of Bus. & Indus. v. Granite Constr. Co.*, 118 Nev. 83, 90, 40 P.3d 423, 428 (2002) (considering how other states interpreted their prevailing wage laws). Stare decisis plays an important role, and legal precedent, including statutory interpretation, should be respected unless "compelling reasons" to depart from that precedent are shown to exist. *See A Cab, LLC v. Murray*, 137 Nev. 805, 810, 501 P.3d 961, 969 (2021).

NRS 11.190(4)(e) provides a two-year limitations period for actions "to recover damages for injuries to a person or for the death of a person caused by the wrongful act or neglect of another." "The general rule concerning statutes of limitation is that a cause of action accrues when the wrong occurs and a party sustains injuries for which relief could be sought." *Petersen v. Bruen*, 106 Nev. 271, 274, 792 P.2d 18, 20 (1990). But the discovery rule provides an exception to this general rule. *Id.* Under the discovery rule, a claim does not accrue "until the injured party discovers or

reasonably should discover facts supporting a cause of action." *Id.* (citing *Sorenson v. Pavlikowski*, 94 Nev. 440, 443-44, 581 P.2d 851, 853-54 (1978)).

Some sections of NRS 11.190 include explicit discovery-rule language, while others do not. For instance, NRS 11.190(3)(b) provides a three-year limitations period for claims alleging waste or trespass of real property, "but when the waste or trespass is committed by means of underground works upon any mining claim, the cause of action shall be deemed to accrue upon the discovery by the aggrieved party of the facts constituting the waste or trespass." And NRS 11.190(3)(d) provides a three-year limitations period for claims alleging fraud or mistake, "but the cause of action in such a case shall be deemed to accrue upon the discovery by the aggrieved party of the facts constituting the fraud or mistake." *See also* NRS 11.190(2)(d), (3)(c), (e), (f) (variously providing for delayed accrual of certain causes of action depending on when the injured party discovered or should have discovered certain facts). Other sections, like 11.190(4)(e), set forth limitation periods without referring to a plaintiff's discovery of the injury. *See* NRS 11.190(1)(a)-(b) (providing that claims upon a judgment or written contract must be brought "[w]ithin 6 years"); NRS 11.190(2)(a)-(c) (providing that claims on open accounts for goods, articles charged on a store account, and oral contracts must be brought "[w]ithin 4 years"); *see also* NRS 11.190(3)(a), (4)(a)-(f), (5)(a)-(b) (similarly omitting discovery-rule language).

Often, such difference in wording is seen as deliberate, signifying a difference in meaning. *Cf. Platte River Ins. Co. v. Jackson*, 137 Nev. 773, 777, 500 P.3d 1257, 1261 (2021) (recognizing that the omission of language in one part of the statute that appeared in another part of the statute signified different meanings). But each of the NRS 11.190

subsections should be construed in harmony with each other if they "seek to accomplish the same purpose or object." *See State, Div. of Ins. v. State Farm Mut. Auto Ins. Co.*, 116 Nev. 290, 294, 995 P.2d 482, 485 (2000) (explaining the *in pari materia* canon of statutory construction), *abrogated on other grounds by Killebrew v. State ex rel. Donohue*, 139 Nev., Adv. Op. 43, 535 P.3d 1167, 1171 (2023). And here, the discovery-related language in the various sections of NRS 11.190 serves to specify when or how the discovery rule applies to determine the accrual date for particular claims; it does not purport to govern the accrual date for all of the other claims covered by the statute. *See Sunrise Hosp. & Med. Ctr., LLC v. Eighth Jud. Dist. Ct.*, 140 Nev., Adv. Op. 12, 544 P.3d 241, 246 n.1 (2024) (explaining that the applicability of the negative-implication canon "is limited to when the subjects specified in the rule can reasonably be thought to be an expression of all that share in the quality described") (internal quotation marks and citations omitted).

We have previously read the discovery rule into other subsections of NRS 11.190 and limitations periods that, like NRS 11.190(4)(e), do not include explicit discovery-rule language. For example, in *Oak Grove*, the court applied the discovery rule to the catch-all limitations statute, NRS 11.220, which also does not include express discovery-rule language but merely bars an action four years "after the cause of action shall have accrued." *Oak Grove Invs. v. Bell & Gossett Co.*, 99 Nev. 616, 623, 668 P.2d 1075, 1079 (1983). The court reasoned that the word "accrued" in NRS 11.220 incorporated the "diligent discovery" rule. *Id.* at 622-23, 668 P.2d at 1079. Later, in *Soper*, we explained that a cause of action for breach of a written or oral contract does not accrue under NRS 11.190(1)(b) and 11.190(2)(c) until the plaintiff discovers or should have

discovered the cause of action. *Soper v. Means*, 111 Nev. 1290, 1294, 903 P.2d 222, 224 (1995). Again, neither of those subsections includes discovery-rule language. And in *Bemis*, we relied on *Soper* to read the discovery rule into the limitations period NRS 11.190(3)(c) set for the plaintiffs' conversion claims, even though the limited discovery rule the statute contained did not by its plain terms apply to them. 114 Nev. at 1025, 967 P.2d at 440. Shortly thereafter, in *Siragusa*, we revisited *Oak Grove*'s interpretation of NRS 11.220, the catch-all statute of limitations, to hold that the discovery rule applied to actions for civil conspiracy. 114 Nev. at 1393, 971 P.2d at 807. These prior decisions suggest that the discovery rule may apply to the statute of limitations for personal injury or wrongful death actions despite that rule's absence in the statute's text. *Compare* Antonin Scalia & Bryan A. Garner, *Reading Law: The Interpretation of Legal Texts* 322 (2012) (explaining that when a jurisdiction's highest court has construed a statute's words or phrases, the language should be interpreted the same way in other statutes), *with BMO Harris Bank, N.A. v. Whittemore*, 139 Nev., Adv. Op. 31, 535 P.3d 241, 244 (2023) (citing legislative acquiescence in long-standing judicial interpretations of a statute as a reason to adhere to that interpretation).

To determine whether the discovery rule should apply here, we consider the statute's history. *See Great Basin Water Network*, 126 Nev. at 196, 234 P.3d at 918 (explaining that when a statute is ambiguous, we determine the Legislature's intent by evaluating the statute's history and construing it "in a manner that conforms to reason and public policy"). When originally adopted, the Legislature based NRS 11.190 on statutes from both California and Utah. James G. Sweeney, et al., *Revised Laws of Nevada*, Vol. 2, § 4967, at 1441 (1912); *see also* 2B Norman J. Singer & J.D.

Shambie Singer, *Statutes and Statutory Construction* § 52:2 (7th ed. rev. 2012) (noting that where one state adopts a statute from another state, the adopting state may look to the other state's interpretation of that statute); *Hobbs v. State*, 127 Nev. 234, 238, 251 P.3d 177, 180 (2011) (explaining that when Nevada copies a statute from another state, that state's subsequent case law interpreting the statute constitutes "persuasive authority"). Because NRS 11.190 was based on California and Utah statutes, interpretations of those states' statutes are persuasive in determining whether the discovery rule applies to NRS 11.190(4)(e).

The California Supreme Court applies the discovery rule to its statute of limitations for personal injury and wrongful death actions. *See, e.g., Jolly v. Eli Lilly & Co.*, 751 P.2d 923, 926-27 (Cal. 1988) (addressing the 1982 statute). Under California's version of the discovery rule, "the accrual date of a cause of action is delayed until the plaintiff is aware of her injury and its negligent cause." *Id.* "[T]he statute of limitations begins to run when the plaintiff suspects or should suspect that her injury was caused by wrongdoing." *Id.* at 927. California has since expressly provided for the discovery rule in its statute of limitations for wrongful death or personal injury toxic-tort actions. Cal. Civ. Proc. Code § 340.8 (West 2022).

Utah has likewise applied the discovery rule to its wrongful-death statute of limitations. *Myers v. McDonald*, 635 P.2d 84, 85, 87 (Utah 1981). The concurrence noted that the plain wording of the statute did not include a discovery-rule exception to the running of the statute but agreed that a judicially created exception was necessary to preserve the plaintiffs' constitutional rights. *Id.* at 87-88 (Howe, J., concurring). The Utah Supreme Court later clarified that the discovery rule applies if (1) "a plaintiff does not become aware of the cause of action because of the

defendant's concealment or misleading conduct," or (2) "the case presents exceptional circumstances and the application of the [strict limitations period] would be irrational or unjust, regardless of any showing that the defendant has prevented the discovery of the cause of action." *Russell Packard Dev., Inc. v. Carson*, 108 P.3d 741, 747 (Utah 2005) (internal quotation marks omitted). But "an initial showing must be made that the plaintiff did not know and could not reasonably have discovered the facts underlying the cause of action in time to commence an action within the limitations period." *Colosimo v. Roman Cath. Bishop of Salt Lake City*, 156 P.3d 806, 812 (Utah 2007) (alterations and internal quotation marks omitted).

We agree with California and Utah that the discovery rule can apply to the statute of limitations governing wrongful death and personal injury actions, even in the absence of express language incorporating that rule into the statute. Fairness and justice require that in certain circumstances, a claim should not accrue before a claimant is aware—or should be aware through the exercise of reasonable diligence—of the claim. *See Siragusa*, 114 Nev. at 1393-94, 971 P.2d at 807 (citing *Spitler v. Dean*, 436 N.W.2d 308, 310-11 (Wis. 1989)); *see also Sorenson*, 94 Nev. at 443, 581 P.2d at 853 (noting that the discovery rule is "a fairer rule"). "The rationale behind the discovery rule is that the policies served by statutes of limitation do not outweigh the equities reflected in the proposition that plaintiffs should not be foreclosed from judicial remedies before they know that they have been injured and can discover the cause of their injuries." *Petersen*, 106 Nev. at 274, 792 P.2d at 20. In such circumstances, applying the discovery rule will still "satisfy the purpose of the statute of limitations," *Oak Grove*, 99 Nev. at 622, 668 P.2d at 1078, which "is to encourage the

SUPREME COURT
OF
NEVADA

(O) 1947A

plaintiff to pursu[e] his rights diligently," *Fausto v. Sanchez-Flores*, 137 Nev. 113, 113, 482 P.3d 677, 679 (2021) (alteration in original) (quoting *CTS Corp. v. Waldburger*, 573 U.S. 1, 10 (2014)).

We therefore conclude that the discovery rule may toll NRS 11.190(4)(e)'s two-year limitations period where the plaintiff is not aware of a cause of action because of the defendant's concealment of the facts constituting the plaintiff's claims, *see Siragusa*, 114 Nev. at 1393-94, 971 P.2d at 807, or "where the occurrence and the manifestation of damage are not contemporaneous," *Oak Grove*, 99 Nev. at 622, 668 P.2d at 1078, such that, despite diligent investigation, the plaintiff did not discover and could not reasonably be expected to have discovered facts supporting a cause of action earlier, *Petersen*, 106 Nev. at 274, 792 P.2d at 20. *Accord Ridenour v. Boehringer Ingelheim Pharms., Inc.*, 679 F.3d 1062, 1065-66 (8th Cir. 2012) (applying the discovery rule to NRS 11.190(4)(e)); *Heinrich v. Ethicon, Inc.*, Case No. 2:20-cv-00166-CDS-VCF, 2023 WL 3963611, at *2 (D. Nev. 2023) (same).[1]

### B.

Plaintiffs seeking to invoke discovery-rule tolling must show that they used reasonable diligence in determining the existence of a cause of action. *Bemis*, 114 Nev. at 1025, 967 P.2d at 440; *see also Colosimo*, 156 P.3d at 812 (addressing tolling pursuant to the exceptional circumstances

---

[1]The federal Comprehensive Environmental Resources, Compensation, and Liability Act (CERCLA) imports a discovery rule into state statutory schemes that have an earlier commencement date than the federal commencement date in certain cases involving toxic torts. *See* 42 U.S.C. § 9658. We invited supplemental briefing on whether the CERCLA discovery rule applies in this case but do not reach it since our holding makes it unnecessary to do so.

doctrine). Under the discovery rule, a plaintiff's reasonable diligence delays accrual of the cause of action until the plaintiff is on inquiry notice of an injury. *Bemis*, 114 Nev. at 1024-25, 967 P.2d at 440.

A plaintiff is on inquiry notice when he or she knows or should know "of facts that would lead an ordinarily prudent person to investigate the matter further." *Winn v. Sunrise Hosp. & Med. Ctr.*, 128 Nev. 246, 252, 277 P.3d 458, 462 (2012) (internal quotation marks omitted); *see also Jolly*, 751 P.2d at 928 ("So long as a suspicion exists, it is clear that the plaintiff must go find the facts; she cannot wait for the facts to find her."). These facts need only extend "to the plaintiff's general belief that someone's negligence may have caused his or her injury." *Winn*, 128 Nev. at 252-53, 277 P.3d at 462 (citing *Massey v. Litton*, 99 Nev. 723, 728, 669 P.2d 248, 252 (1983)). Ignorance of the defendant's identity will not delay accrual of a cause of action under the discovery rule if the plaintiff fails to use reasonable diligence in discovering the defendant's role. *Siragusa*, 114 Nev. at 1394, 971 P.2d at 807-08.

## C.

Here, plaintiffs contend that Clark County dismissed workers' concerns and assured them that nothing was wrong with the CCGC building. They also alleged in their first amended complaint that "representations and/or nondisclosures made by" defendants left workers with "no knowledge or understanding that they were in fact being exposed to dangerous toxic chemicals on a daily basis that was causing their illness and disease." Thus, some plaintiffs may raise facts supporting that one or more defendants intentionally concealed key information related to their potential claims. Moreover, where latent injury occurs through toxic exposure that does not manifest itself until years later, the occurrence and

SUPREME COURT
OF
NEVADA

(O) 1947A

18

the manifestation of the injury were not contemporaneous and enforcing NRS 11.190(4)(e)'s two-year statute of limitations could be unjust.

Additionally, questions remain as to whether the plaintiffs used reasonable diligence to discover their cause of action. The first amended complaint includes over 100 plaintiffs and did not allege when the individual plaintiffs began working at the CCGC, when they were exposed to toxic chemicals, or when they became ill. In the first amended complaint, plaintiffs acknowledged that soot and a high incidence of worker illness were apparent from the start, which could mean that some or all of the plaintiffs were on inquiry notice of their cause or causes of action. *See Ridenour*, 679 F.3d at 1066 (concluding that the plaintiff was on inquiry notice because he told his doctor that his complained-of, compulsive behaviors could be caused by his medication). But they also alleged that Clark County supervisors deflected workers' concerns. They further alleged that the plaintiffs could not have reasonably discovered that their illnesses were linked to exposure to toxic substances until mid-to-late 2020, when an expert consulted by the law firm the plaintiffs retained established the link between ground contamination and exposure to toxic substances at the CCGC and that exposure was in turn linked to their illnesses. This allegation does not carry the day for the plaintiffs, since it does not establish when each individual plaintiff discovered or reasonably should have discovered their causes of action. But drawing all inferences in the plaintiffs' favor, as we must at this stage, *Buzz Stew*, 124 Nev. at 228, 181 P.3d at 672, dismissal of the entire complaint under NRCP 12(b)(5) for failure to state claims upon which relief can be granted was error.

Nevada case law does not require a plaintiff to plead the facts supporting discovery-rule tolling with specificity. *Siragusa*, 114 Nev. at



1392 n.6, 971 P.2d at 807 n.6. Although ordinarily a question of fact, application of the discovery rule can be resolved as a matter of law where uncontroverted evidence proves the date by which the plaintiff discovered or should have discovered the facts giving rise to the claim. *Id.* at 1401, 971 P.2d at 812. But without knowing the individual plaintiffs' dates of employment, dates of injury, and when each plaintiff discovered or should have discovered their claims, the statute of limitations question cannot be resolved without further factual development, which we leave to the parties and the district court on remand.

### D.

The two-year limitations period under NRS 11.190(4)(e) is additionally subject to equitable tolling. *Fausto*, 137 Nev. at 113, 482 P.3d at 679. "[E]quitable tolling is a nonstatutory remedy that permits a court to suspend a limitations period and allow an otherwise untimely action to proceed when justice requires it." *Id.* at 115, 482 P.3d at 680. To equitably toll the two-year limitations period in NRS 11.190(4)(e), a plaintiff must show (1) diligent action in pursuing the claim, and (2) that "extraordinary circumstances" beyond the plaintiff's control caused the claim to be filed outside the limitations period. *Id.* at 118, 482 P.3d at 682. Our review of the record shows that the plaintiffs adequately raised, and the district court failed to address, equitable tolling. That issue, too, remains open on remand, as do the alternative arguments advanced in the motions to dismiss, which the district court declined to reach because it resolved the motions based on its reading of NRS 11.190(4)(e).

### III.

The district court erred when it dismissed this action as time-barred by NRS 11.190(4)(e) and rejected discovery-rule tolling as a matter

of law. It also erred by dismissing the action without considering equitable tolling. For these reasons, we reverse and remand to the district court for proceedings consistent with this opinion.

_____, J.
Pickering

We concur:

_____, C.J.
Cadish

_____, J.
Bell

SUPREME COURT
OF
NEVADA

(O) 1947A